## WILLIAMS v. WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 61, September Term, 1959.]

*Decided January 14, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

On November 13, 1952, James Williams, the petitioner here, pleaded guilty and was convicted of rape by Judges W. Laird Henry, Jr., E. Dale Adkins, and E. McMaster Duer in the Circuit Court for Dorchester County and was sentenced to life imprisonment. An application for leave to appeal from a refusal of a writ of *habeas corpus* was denied by this Court in *Williams v. Warden,* 209 Md. 641, *cert. den.* 351 U. S. 974, 100 L. Ed. 1492 (see also *Williams v. Peppersack,* [sic], 241 F. 2d 614, and *Williams v. Peppersack* [sic], 250 F. 2d 86, *cert. den.* 356 U. S. 942, 2 L. Ed. 2d 817). Judge Taylor dismissed petitioner's claim for relief under the Post Conviction Procedure Act.

The petitioner's present allegations are the same, or prac-

tically the same, as those he raised in the *habeas corpus* case in this Court, namely: Lengthy, threatening and abusive questioning by state officials, being held incommunicado before trial, inability to employ counsel of his choosing, and the lack of diligence of his court appointed counsel, who, petitioner claims, entered a guilty plea without authority. As these contentions have been previously and finally litigated in another proceeding that the petitioner has taken to secure relief from his conviction, Code (1959 Cum. Supp.), Art. 27, sec. 645A (a), petitioner cannot assert them now.

Moreover, in the hearing on this petition held below, in which the petitioner and the partner of petitioner's appointed counsel testified (he had participated in the preparation for, and conduct of, the original trial), Judge Taylor found that Williams' claims on the points he relies on were false and that the facts were to the contrary.

This application for leave to appeal must be denied.

*Application denied.*