## WASHINGTON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 53, September Term, 1960.]

*Decided April 10, 1961.*

Before Brune, C. J., and Henderson, Hammond, Horney and Sybert, JJ.

Per Curiam.

Ernest Lee Washington (applicant) was convicted in the Circuit Court for Prince George's County on April 8, 1958, of assault with intent to rob with a deadly weapon and sentenced to five years in the House of Correction. An appeal to

this Court was noted by applicant on April 16, 1958, but this appeal was dismissed by him on February 1, 1960. On September 3, 1959, applicant filed his first petition for review under the Post Conviction Procedure Act. On November 18, 1959, he submitted a new petition which was docketed by the Clerk of the Circuit Court as an amended petition. At a hearing on this petition on December 21, 1959, the applicant was represented by a court-appointed attorney. Leave was granted at this time by the court, at the attorney's request, for the filing of a second amended petition. However, at a subsequent hearing on March 11, 1960, the attorney advised the trial court that he would not file a second amended petition and that the applicant would proceed on the basis of his first amended petition filed on November 18, 1959. After a hearing, the petition for relief was denied.

In his application to this Court the applicant indicates that he is noting a "direct appeal", although the Post Conviction Procedure Act (Art. 27, § 645-I, Code [1960 Cum. Supp.]) permits only an application for leave to prosecute an appeal from the order of the lower court. However, we shall treat the application as one properly filed under the act to seek leave to appeal. The application, prepared by the applicant himself, does not set out the grounds for appeal, so we will assume that he relies upon the contentions which he made in the trial court.

The applicant raised eight points in the lower court, the first seven of which relate to the sufficiency of the evidence to sustain his conviction, including the sufficiency of his identification, and the eighth of which is the assertion that one of the prosecution witnesses perjured himself at the trial.

None of the contentions raises sufficient grounds for relief under the Act. This Court has uniformly held that allegations as to the sufficiency of the evidence may be raised on appeal but fall outside the scope of relief provided for by the Act. Specifically, in *Washington v. Warden,* 222 Md. 624, 161 A. 2d 121 (1960), the Court held that identification of the applicant goes to the sufficiency of the evidence and cannot be considered under the Act. See also *Price v. Warden,* 220 Md.

643, 151 A. 2d 166 (1959) ; *Barbee v. Warden*, 220 Md. 647, 151 A. 2d 167 (1959).

The mere claim that a witness gave perjured testimony does not establish a ground for relief. Moreover, the applicant does not claim or show that the State participated in the use of the alleged perjured testimony, which would be necessary before relief could be granted. *Whitley v. Warden*, 222 Md. 608, 158, A. 2d 905 (1960) ; *Wilson v. Warden*, 222 Md. 580, 158 A. 2d 103 (1960) ; *State v. D'Onofrio*, 221 Md. 20, 155 A. 2d 643 (1959).

Since applicant has failed to state any proper ground for relief under the Act, the application for leave to appeal is denied.

*Application denied.*