## STROSNIDER *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 4, September Term, 1962 (Adv.).]

*Decided May 18, 1962.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

Hammond, J., delivered the opinion of the Court.

The petitioner, Boyd Wilson Strosnider, seeks leave to appeal from the decision of the lower court denying him post conviction relief.

Strosnider was sentenced to life imprisonment for murder. He now contends that he did not commit the murder, but rather that he initially confessed to it while in a state of suicidal despondency (brought on in part by an extreme overdose of alcohol) and that his confession was readily accepted by the police, especially in light of the fact that no other volunteers came forth to admit to the crime.

The petitioner elected to proceed below as attorney *pro se* without the assistance of counsel who had been appointed to represent him. He filed a lengthy brief below, which was attached to his petition, and he both testified and argued his case at a rather extensive hearing. Following the hearing,

Judge Duckett held the case *sub curia* until he could further study the points raised. He subsequently handed down a written opinion and held that as a matter of law the petitioner had presented no valid grounds for post conviction relief.

Strosnider also elected to act as his own attorney in this leave to appeal, and he filed a further brief in this Court, in which he sets out fifteen grounds for relief, all of which were raised below and all of which were passed on by Judge Duckett.

The fifteen grounds may best be summarized by quotation from the State's brief in this case:

> "1. Denial of right to telephone or communicate upon arrest.
> 2. Improper use of State witness.
> 3. Denied permission to see wife's statement.
> 4. The then State's Attorney * * * improperly testified against him.
> 5. Refused lie detector test.
> 6. His attorney improperly removed the case from Baltimore City to Anne Arundel County.
> 7. Another improper use of State witness.
> 8. Refusal of court to admit evidence.
> 9. Perjury by police during trial.
> 10. Continuous and exhaustive trial of 14 hours.
> 11. Evidence suppressed by State.
> 12. Insufficiency of State's evidence to convict.
> 13. Incompetency of counsel.
> 14. No transcript on new trial motion.
> 15. Denied full new trial hearing."

We think the lower court was correct in holding that points 1 through 8, 10, and 12 through 15, were unavailing under the Post Conviction Procedure Act. Points 1 through 8, 10, and 12 could have been, but were not, raised at trial, or on motion for a new trial, or on direct appeal[1] from the peti-

---

1. Strosnider sought a belated appeal *via habeas corpus.* The writ was denied, and leave to appeal to this Court was also denied. Strosnider v. Warden, 216 Md. 635.

tioner's conviction, and are therefore unavailable as grounds for post conviction relief, according to the express terms of the Act. Code (1961 Supp.), Art. 27, Sec. 645A; see *Torres v. Warden,* 227 Md. 649, 651-653, and *Barbee v. Warden,* 220 Md. 647, 650.

Points 13, 14, and 15 all relate to the denial of petitioner's motion for a new trial (on the ground of his trial attorneys' incompetence), which was heard by Judge Michaelson shortly after Strosnider's conviction. The petitioner states in his brief to this Court: "My argument * * * is (and this was stated fully and clearly at my Post Conviction hearing) that though I tried to argue and debate the grounds upon which my 'Motion for a New Trial' was based, I was denied this right and privilege, simply by being told by his Honorable Judge Benjamin Michaelson that my Counsel defended me properly." Without either assuming that this statement is true, or that it would be meritorious if true and if timely raised, we nevertheless think that Strosnider had available to him at that time a proper method of seeking relief from this alleged impropriety, namely—an appeal from the denial of the motion. See *Hanley v. Stulman,* 216 Md. 461, 469, and *Wash., B. & A. R. Co. v. Kimmey,* 141 Md. 243, 250-253, in both of which cases this Court found reversible error in the failure of the lower court to exercise judicial discretion regarding the hearing of a motion for a new trial. Therefore, Strosnider cannot now raise a complaint on this account, since the Post Conviction Procedure Act "is not a substitute for * * * remedies which are incident to the proceedings in the trial court," such as a motion for a new trial or an appeal from the denial thereof. Code (1961 Supp.), Art. 27, Sec. 645A (b); *cf. Barbee v. Warden,* 220 Md. 647, 650.

But, as to points 9 and 11, which allege perjured police testimony and suppression of evidence by the State, Judge Duckett was in error when he held them not to present grounds for relief under the Post Conviction Procedure Act.

We have many times stated that the knowing use by the State of perjured testimony is a proper ground for relief under the Act. See, for example, *State v. D'Onofrio,* 221 Md. 20,

29-30, and also see Supreme Court cases cited therein. No clearer averment of knowledge on the part of the State that perjured testimony was being used could be made than the present one, alleging perjury on the part of its agents, the police.

We have also held that the suppression by the State of evidence tending to exculpate a defendant is a ground for relief under the Act. *Brady v. State,* 226 Md. 422, 427. See also *Wilde v. Wyoming,* 362 U. S. 607, 4 L. ed. 2d 985, and Annotation, 33 A. L. R. 2d 1421.

The petitioner makes specific factual allegations as to both of these points, and he maintains that he did not know these facts at the time of his trial but discovered them subsequently. It may be, that upon remand, the lower court will find these allegations not to have been supported by the evidence adduced by the petitioner at his hearing, or will find the petitioner to have known of the facts of which he now complains at the time of his trial and to have waived any objection thereto by failure to then complain. See Annotation, 2 L. ed. 2d 1575, 1577.

The case will be remanded for a determination of these factual questions, and for any other action then necessary or proper.

> *Leave to appeal granted, and case remanded for proceedings consistent with this opinion.*