## MEADOWS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 12, September Term, 1963 (Adv.).]

*Decided July 15, 1963.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

636

PER CURIAM.

On November 24, 1959, applicant was found guilty of murder in the first degree, and on December 1, 1959, was sentenced to life imprisonment. A petition by him to strike or set aside the sentence was denied by the original trial judges on September 27, 1961. On January 17, 1962, he filed a petition for relief under Code (1957, 1962 Cum. Supp.), Article 27, § 645A-J, the Post Conviction Procedure Act, in which he alleged, as grounds for relief, that he was convicted on false and evasive testimony given by one Herbert Tate, and that the State knowingly participated in and failed to correct the testimony. On March 7, 1963, Judge Cullen of the Criminal Court of Baltimore denied the petition and the applicant filed this application for leave to appeal, presenting the same grounds. It is the same contention he presented in trying to get his sentence set aside in 1961.

Applicant claims that a State's witness, Herbert Tate, perjured himself when he testified at the original murder trial that applicant had said at the witness's home that he, Meadows, was going to kill Banks, the victim of the subsequent homicide. He now claims he made no such statement. He also makes the claim that "he is informed and believes the fact, that the State Prosecutor made a deal" with Tate to make such statement, the nature and effect of which deal applicant has no knowledge. He was represented by court appointed counsel.

The petition was considered by Judge Cullen solely upon the claim of the State's use of perjured testimony and the State's Attorney's answer denying the same. No testimony was taken and the judge, in his memorandum, made no finding of fact concerning the truth or falsity of the claim. He merely stated that he did not feel that there was any evidence to indicate that the State knowingly used perjured testimony to secure a conviction.

Before relief can be granted in a P.C.P.A. proceeding in which the use of perjured testimony is alleged, the applicant must show that the State knowingly participated in the use of the alleged perjured testimony. *Jarvis v. Warden*, 226 Md. 657, 658, 172 A. 2d 484; *Washington v. Warden*, 225 Md. 623,

625, 169 A. 2d 419, and cases cited therein. Applicant's claim here is that he is informed that the State made a deal with Tate for his testimony. Accordingly, he has made a claim of State participation in the perjury. This allegation, we think was sufficient to state a charge that the State had knowledge of or participated in the use of perjured testimony in violation of the applicant's constitutional rights which must be heard and decided. Cf. *State v. D'Onofrio,* 221 Md. 20, 155 A. 2d 643. We shall therefore remand the application for further proceedings to the end that the lower court may inquire into the charge and decide the question. *Ellinger v. Warden,* 221 Md. 628, 630, 157 A. 2d 616. See also *Strosnider v. Warden,* 228 Md. 663, 180 A. 2d 854.

*Application granted and petition remanded for further proceedings.*