## KLEIN *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 58, September Term, 1963.]

*Decided December 10, 1963.*

Before the full Court.

PER CURIAM.

This is the second application for leave to prosecute an appeal by this applicant under the Post Conviction Procedure Act. In the first, leave to appeal was granted and the case remanded for further consideration of the allegation that inadequacy of counsel amounted to a deprivation of a fair trial. *Klein v. Warden,* 229 Md. 621.

The present application is from an order of the Circuit Court for Anne Arundel County dismissing the petition. It alleges that the court erred in denying petitioner's motion that a transcript of the proceedings at the original trial be made.

Subsequent to his filing of his application for leave to appeal, on September 4, 1963 the applicant filed a supplemental application in this Court in which he alleges additional grounds for relief.

A similar complaint that the applicant was denied a free transcript was raised in *Truesdale v. Warden,* 221 Md. 617. There, as here, a plea of guilty was entered, and there was no testimony strictly speaking. As in that case, we do not think a transcript of the original trial at the hearing below on the applicant's petition would have materially added anything to the determination of adequacy of counsel. Judge Sachse, who heard the petition on remand, was at liberty to receive proof by affidavit, deposition, oral testimony or other evidence where justice required. Maryland Rule BK 44 d. His opinion is a full

and detailed account of the testimony offered by the applicant, his witness, who was a co-defendant at his trial, and the attorney who represented him. In addition to considering conduct of the trial counsel during the trial, the court considered the extent of his representation both before and after the trial. He found that the applicant was adequately represented at his trial.

As to the allegations made in the supplemental application, we need only state that none of these contentions were raised in the court below and they are, therefore, not before us. Code (1957), Art. 27, § 645H. In addition, the remand was limited solely to the question of adequacy of counsel.

*Application denied.*