## LLOYD v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 106, September Term, 1963.]

*Decided January 30, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a post conviction relief by Judge Cardin in the court below. A prior application for relief was denied by Judge Harlan in October, 1961, and application for leave to appeal was denied by this Court in *Lloyd v. Warden,* 227 Md. 658. Applicant was convicted of armed robbery in 1960. His appeal from this conviction was dismissed for failure to comply with the Rules of Court. The record shows that he did not complete a questionnaire designed to establish indigency, and took no further steps to implement the appeal. He contends that his failure was induced by an ambiguous letter from the Clerk of the Criminal Court. A review of the record shows that this contention was not raised in the first application for post conviction relief.

Code (1963 Supp.), Art. 27, sec. 645H provides: "All grounds for relief claimed by a petitioner under this subtitle [Post Conviction Procedure] must be raised in his original or amended petition, and any grounds not so raised are waived unless the court finds in a subsequent petition grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. * * *." Cf. Maryland Rule BK 48. Judge Cardin found that the present contention could have been raised in the first petition. The record shows that counsel was appointed and actually filed an amended petition

making additional allegations. Even a casual examination of the docket entries and record would have disclosed the docket entry showing the dismissal of the appeal from the original conviction, and the Clerk's letter. By failing to raise the point in his first petition we think a clear case of waiver under § 645H is made out. See *Smallwood v. Warden*, 231 Md. 652, 653.

*Application denied.*