## ELLIOTT *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 105, September Term, 1963.]

*Decided February 7, 1964.*

Before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

MARBURY, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of post conviction relief by Judge Cardin in the court below. A prior application for relief was denied by Judge Allen, in May, 1961, and application for leave to appeal was denied by this Court in *Elliott v. Warden,* 225 Md. 645. Applicant was convicted of murder in the first degree in 1957 and was sentenced to be executed. After an unsuccessful direct appeal to this Court in *Elliott v. State,* 215 Md. 152, his sentence was subsequently commuted to life imprisonment by the Governor. Following the denial of a writ of habeas corpus which he sought in the Criminal Court of Baltimore, Elliott filed a petition for the Great Writ in the United States District Court for the District of Maryland. That petition was denied without prejudice to later

file there a new petition, if necessary, to permit Elliott to first avail himself of whatever State remedies he might have.

From the docket entries and the record it appears that Judge Cardin conducted no hearing on the instant petition before denying relief, although counsel for Elliott had been appointed by the court. A review of the contentions raised in the second petition reveals that the judge was not required to hold a hearing. Both Code (1963 Cum. Supp.), Art. 27, § 645H and Maryland Rule BK 48 provide that if the petitioner reasonably could have raised a ground in a prior petition he is deemed to have waived the right to raise it in a subsequent petition.

In *Lloyd v. Warden*, 233 Md. 644, the applicant sought leave to appeal from the denial, without a hearing, of his second petition under the Post Conviction Procedure Act. His direct appeal had been dismissed for failure to comply with the Rules of Court, and his contention on the second post conviction application was addressed to that point and could have been raised in his first petition. We held that a clear case of waiver under Section 645H was made and denied the application. What we said there applies with equal force to this application.

*Application denied.*