## CARNEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 158, September Term, 1963.]

*Decided July 29, 1964.*

Before the entire Court.

PER CURIAM.

In his petition for post conviction relief, the applicant made the following contentions: (1) conviction upon false testimony; (2) failure of the court to "scrutinize the evidence adequately"; (3) insufficiency of the evidence; (4) illegal search of his automobile. Counsel was appointed to represent the applicant and testimony was taken on two separate occasions. The trial judge before whom the petition was heard stated in his memorandum opinion that all but the first ground for complaint were "for all

practical purposes abandoned at the hearing," but that Carney at the hearing raised as an additional contention that he was not properly advised of his right to appeal.

The trial court made specific findings of fact adverse to this new contention and the first contention (which was based upon recantation by a codefendant of his former incriminating testimony against applicant). The second contention, even if not abandoned, was too general, and short of substantiating facts amounting to a denial of a constitutional right is not reviewable in these proceedings. *Cf. Fisher v. Warden,* 230 Md. 612 where we held that even an assertion of bias on the part of a trial judge is not a ground for post conviction relief. Likewise contention three is not reviewable. *Young v. Warden,* 233 Md. 596.

With respect to contention four, we do not know on the record before us whether a claim of an illegal search was made at Carney's trial or even whether any evidence obtained from such alleged illegal search and seizure was actually introduced against him. While we think the language of the court below unfortunate and inconclusive when it stated this contention was "for all practical purposes abandoned," nevertheless under the circumstances we see nothing to be gained by having additional testimony taken on this point. The court, as we have already stated, found as a fact that applicant knew of his right to appeal. His trial attorney testified at the hearing that he had prepared an order for appeal, but that it was never filed by the applicant. We have repeatedly stated that a direct appeal is the proper procedure to raise this contention with respect to search and seizure, and failure to take an appeal precludes raising the issue of illegal search in this proceeding. *Ralph v. Warden,* 230 Md. 616; *Strosnider v. Warden,* 228 Md. 663. Thus even if applicant had not abandoned this contention, and even if additional testimony were to support his claim (if properly raised at his trial) of an illegal search and seizure, his application would still have to be denied on the basis of his having failed to preserve the issue for determination on direct appeal.[1]

*Application denied.*

---

1. Carney was convicted after the decision in Mapp v. Ohio, 367 U.S. 643. We have granted leave to appeal and remanded cases for

a factual determination as to whether the evidence complained of was the subject of an illegal search and seizure where the applicant was convicted before the Mapp case, and no appeal was taken. See Young v. Warden, 233 Md. 596; and Edwards v. Warden, 232 Md. 667.