## WILLIAMS *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 23, September Term, 1965.]

206

*Decided October 15, 1965.*

Before PRESCOTT, C. J., and HORNEY, MARBURY, OPPEN-HEIMER and BARNES, JJ.

BARNES, J., delivered the opinion of the Court.

On March 13, 1952 James Williams, the applicant for leave to appeal from a denial by Judge Mace of his petition for relief under the Post Conviction Procedure Act (the applicant), was convicted of rape in the Circuit Court for Dorchester County, after a plea of guilty, and sentenced to life imprisonment in the Maryland Penitentiary. The applicant has sought post conviction relief in either Maryland or the federal courts some thirteen times in the thirteen years since his conviction. In many of his prior petitions for relief he has had the bene-

fit of counsel and relief was denied after a full hearing with the applicant being present as a witness.

Judge Mace filed an opinion and dismissed applicant's latest post conviction petition by an order dated April 1, 1965. This application for leave to appeal followed.

The applicant alleges over fifty contentions in support of his petition for relief. In summary, the following contentions could possibly have merit: 1) illegal arrest, detention and police questioning, the use of perjured testimony at his trial and ineptitude of court appointed counsel during his trial, especially in respect to the entering of a guilty plea without applicant's full authorization or understanding of its ramifications; 2) the applicant, without funds, did not have access to a transcript of his trial until February 28, 1964 when Judge Henry ordered that one be furnished him, applicant's repeated prior requests for a transcript were denied so that "while all post trial proceedings have been adverse to him, all were conducted without the benefit of the court having before it for consideration the actual transcript of the trial" (applicant's petition); 3) that applicant was denied equal protection of the law since Negroes (the applicant is a Negro) were systematically excluded from serving as members of the grand or petit juries in Dorchester County on or about the time of his indictment and trial.

All the questions in applicant's first contention dealing with illegal arrest, detention, police practices, prejudice, perjury and conduct of counsel were previously and finally litigated in prior proceedings for post conviction relief. See the reported opinions in *Williams v. Warden*, 209 Md. 641, 120 A. 2d 919 (1956), cert. den., 351 U. S. 974, 76 S. C. 1037, 100 L. Ed. 1492 (1956); *Williams v. Warden*, 221 Md. 615, 157 A. 2d 280 (1960); *Williams v. Warden*, 233 Md. 606, 195 A. 2d 609 (1963).

Applicant's second contention is without substance. The Post Conviction Procedure Act does not require that transcripts of the trial be furnished a petitioner. The judges in the courts below have clearly not abused their discretion in refusing to order that a transcript be furnished the applicant. Such an order would have served no useful purpose and would have added nothing new in support of the allegations considered in the numerous

post conviction hearings in the lower courts. *State v. Long*, 235 Md. 125, 200 A. 2d 641 (1964), cert. den., 379 U. S. 917, 85 S.C. 268, 13 L. Ed. 2d 187 (1964) ; *Klein v. Warden*, 233 Md. 603, 195 A. 2d 608 (1963).

Applicant's third contention appears to be newly raised. No allegation that Negroes were systematically excluded from the array of jurors in Dorchester County appears in prior reported decisions denying relief from his conviction. This contention is likewise no ground for relief.

Applicant was represented by competent counsel at his trial and no challenge to the array was made at that time, nor has this issue been raised in any of the applicant's numerous petitions for post conviction relief. Having not been raised, it is waived. Code (1964 Cum. Supp.), Art. 27, § 645H; *Lloyd v. Warden*, 233 Md. 644, 197 A. 2d 139 (1964) ; *Young v. Warden*, 233 Md. 596, 195 A. 2d 713 (1963).

The Maryland Post Conviction Procedure Act was amended by the General Assembly on April 8, 1965 to provide that an allegation of error shall not be deemed waived unless a petitioner "intelligently and knowingly" failed to make such allegation at trial, on appeal, or in subsequent proceedings actually brought to secure post conviction relief. LAWS OF MARYLAND 1965, ch. 442 (Post Conviction Procedure Act, § 645(c), approved April 8, 1965). Under the statute, as amended, when an allegation of error could have been made, and was not, a rebuttable presumption exists that "petitioner intelligently and knowingly failed to make such allegations".

The amended Act did not take effect until June 1, 1965; thus its provisions would not apply to the applicant whose petition was dismissed by Judge Mace on April 1, 1965. However, since the applicant does not attempt to explain in his petition why this allegation of racial discrimination in the selection of Dorchester County jurors, available to him since the time of his conviction, was not raised in any of his prior petitions for relief, he could not have rebutted the presumption of waiver raised by the amended Act.

*Application denied.*