## ROE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 45, September Term, 1965.]

718

*Decided November 12, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-MOND, HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

On December 12, 1963 Judge J. DeWeese Carter, sitting without a jury in the Circuit Court for Talbot County, convicted the applicant, Charles Edward Roe, of assault and unnatural and perverted sexual practice on a female child. The applicant was sentenced on January 20, 1964 to one year for assault and four years for perverted practice to be served concurrently in the Maryland House of Correction. On January 24, 1964 the applicant was ordered taken to the Patuxent Institution for a determination of whether he was a Defective Delinquent. He is presently confined at Patuxent.

No appeal was taken from the applicant's conviction. On December 15, 1964 he filed a petition for relief under the Uniform Post Conviction Procedure Act. Counsel was appointed by the court to represent the applicant at a hearing on his petition which was held before Judge Thomas J. Keating on May 20-21, 1965. Post conviction relief was denied and a memorandum opinion was filed on May 27, 1965. This application for leave to appeal followed.

In his petition for post conviction relief the applicant contends: 1) that the State knowingly allowed the prosecuting wit-

ness to perjure herself and tell a false story; 2) that the prosecuting witness, a child six and one-half years old at the time of the trial, was incompetent to testify against the applicant because of her mental incapacity due to infancy. Here on appeal the applicant makes the following contentions which were not presented in his petition for post conviction relief; 3) that the evidence was insufficient to convict since the victim never underwent a medical examination and the court relied merely upon the victim's testimony and the "hearsay" evidence of "jealous" third parties; 4) that the applicant was "not guilty" of the charges brought against him; 5) that the applicant advised his attorney of his desire for a jury trial but counsel requested and obtained a trial by the court sitting as a jury; and 6) that his counsel was incompetent because he was not interested enough to ask for a jury trial.

The applicant's first and second contentions were raised in his petition and exhaustively inquired into during a two day hearing before Judge Keating in the lower court, at which time the child (prosecuting witness) and other witnesses for the State were rigorously cross-examined by the applicant's court appointed attorney. Judge Keating found the claims of perjury to be groundless and determined, moreover, that the child, though an infant, has been properly qualified as a witness. The child was "remarkably intelligent" and surprised the court with the "candor" with which she made prompt answers to questions. We accept the factual determinations made by Judge Keating in the lower court.

The applicant's third, fourth, fifth and sixth contentions are claims not asserted in the lower court and will not be considered by us on an application for leave to appeal. *Burke v. Warden,* 239 Md. 701, 211 A. 2d 758 (1965); *Lomax v. Warden,* 232 Md. 657, 194 A. 2d 269 (1963); *Brown v. Director,* 224 Md. 635, 165 A. 2d 895 (1960).

In any event, questions of sufficiency of the evidence to convict (applicant's third contention) are not a proper ground for granting post conviction relief. *Carney v. Warden,* 235 Md. 676, 202 A. 2d 592 (1964). In regard to the applicant's fourth contention, the Uniform Post Conviction Procedure Act is not a substitute for a motion for a new trial or a direct appeal and

the question of an applicant's guilt or innocence will not be retried. *Chisolm v. Warden*, 223 Md. 681, 164 A. 2d 912 (1960) ; *Turner v. Warden*, 220 Md. 669, 155 A. 2d 69 (1959). The applicant's fifth contention relating to the incompetence of counsel in refusing to enter a request for a jury trial could possibly have merit if it were raised in the petition before the lower court. *Hyde v. Warden*, 235 Md. 641, 646, 202 A. 2d 382 (1964). However, in addition to the fact that this contention was not asserted in the lower court, it was not raised at the applicant's trial and he does not allege any circumstances which would explain or excuse his failure to object in a timely manner to counsel's conduct at trial. Therefore, the applicant has not rebutted the presumption that he waived this objection. Code (1965 Supp.) Art. 27, § 645A(c).

*Application denied.*