WASHINGTON *v.* WARDEN OF THE
MARYLAND PENITENTIARY

[App. No. 87, September Term, 1965.]

*Decided June 28, 1966.*

318

Before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

HAMMOND, J., delivered the opinion of the Court.

On April 30, 1958, after a jury trial in the Circuit Court for Prince George's County, petitioner Ernest Lee Washington was found guilty under an indictment in Criminal Trial No. 3019 for armed robbery, and was sentenced to fifteen years, the sentence to be served concurrently with a five-year term previously imposed on April 8, 1958, in the same court in Criminal Trial No. 2918, which was a completely separate case and involved an assault with intent to rob with a deadly weapon. An appeal was noted by Washington in No. 2918 but then dismissed by him, and no appeal was taken from the judgment in No. 3019. In November 1959 Washington filed for post conviction relief in No. 3019, but his petition was apparently misfiled under No. 2918, wherein a petition for post conviction relief had previously been filed. On March 11, 1960, a hearing was held before Judge Digges, relief was denied, and this Court affirmed in *Washington v. Warden*, 225 Md. 623 (1961).

It was not until April 2, 1963, after petitioner had filed his first federal habeas corpus petition that Chief Judge Roszel Thomsen of the United States District Court discovered that Washington had never had a post conviction hearing relating to No. 3019 and that the hearing before Judge Digges related only to No. 2918. When informed of this, Judge Digges restored to the active docket the post conviction petition filed originally in No. 3019, with leave to amend before June 7, 1963, and appointed counsel to assist the petitioner. The original petition was not amended, and it contained three contentions: (1) that the prosecuting witness, one Nicholson, perjured himself both before the grand jury which indicted Washington, and at his trial; (2) that his conviction was based upon a quashed indictment; and (3) that he was not guilty of the robbery. The scheduled hearing on this matter had to be postponed for some six months because of Washington's con-

finement in the Clifton T. Perkins Hospital, and was then re-set for October 14, 1963. After his release from the hospital and at all times prior to the hearing, Washington steadfastly refused to cooperate in any respect with his court-appointed counsel, and when the hearing was held he told the court that he did not wish to testify or to present any evidence. Washington's tactics were based upon a belief that if he participated in the hearing he would be "thrown out of federal court," even though his federal habeas corpus application had been dismissed by the District Court some four months before the hearing. Both Judge Digges and Washington's counsel advised him of his right to testify and to present evidence but Washington held fast in his refusal, and his petition was consequently dismissed on October 14, 1963. No appeal was taken from the lower court's action, but Washington immediately filed a second federal habeas petition, which was denied by Judge Thomsen because the petitioner had deliberately refused to pursue available state remedies and because there was no showing of any deprivation of rights under the federal constitution.

On May 14, 1964, the pending petition for post conviction relief was filed. This petition, like the first, makes the claim of perjured testimony of Nicholson and that the conviction was based on a quashed indictment. As his third contention, petitioner now alleges that during a court recess in his trial (No. 3019), he learned from Vincent Scott, while they occupied the same cell and were waiting for the trial to resume, that one of the prosecutors earlier had urged Scott to untruthfully deny that he was with the petitioner during the entire day on which the crime occurred, and that Scott untruthfully so testified thereby nullifying petitioner's attempt to prove an alibi through Scott. In this regard petitioner further states that he brought his conversation to the attention of Judge Gray upon returning to the courtroom but no action was taken in regard to the prosecutor's alleged misconduct.

On August 3, 1965, Judge Digges dismissed the petition of May 14, 1964, on the grounds that the unamended first petition originally filed in November 1959, had been heard and dismissed on October 14, 1963, thereby precluding petitioner from raising the same contentions again; that without sufficient reasons

for not raising in the first petition the contentions now asserted, they were waived; that the grounds now alleged do not form the basis for relief; and that the present petition of May 14, 1964, was the only petition before the court. Washington has filed an application for leave to appeal from that decision.

Judge Digges based his order on the premise that petitioner was given a hearing on his first petition in conformity with Maryland Rules BK 44 and BK 45. Under the unusual circumstances of this case where petitioner labored under the distorted and unshakable belief that if he participated in the hearing he would forfeit some right to relief in the federal judicial system, and therefore refused to participate, with the result that there were no findings of fact on his contentions under Maryland Rule BK 45 b (see *e.g. Farrell v. Warden,* 241 Md. 46), the petitioner has not had the hearing contemplated by Rule BK 44.

There is no claim that a state officer had a part in procuring Nicholson's perjured testimony or, at the time of trial, knew it to be perjured. The same deficiency was noted in the opinion by this Court affirming the denial of post conviction relief following the conviction in No. 2918, *Washington v. Warden,* 225 Md. 623, 625, and yet when, after the appointment of counsel, the opportunity was presented to amend the petition before the hearing was held, there was no attempt to do so.

The claim of being convicted upon a quashed indictment is founded on the fact that a co-indictee, Vincent Scott, was released by the State without being tried, and petitioner concludes that Scott's indictment must have been quashed and therefore his was also. The mere statement of this contention reveals its unsubstantiality.

What has been said thus far disposes of the first two contentions of the present petition. The third contention, perjury by Scott, clearly alleges participation by the State's Attorney and would ordinarily require a full evidentiary hearing to determine the merits of the claim. Judge Digges dismissed the claim without a hearing on the grounds that by failing to assert the contention at the first hearing it had been waived. Judge Digges' order denying relief was handed down on August 3, 1965; therefore, the amendments to the Uniform Post Conviction Pro-

cedure Act which took effect June 1, 1965, are applicable. *Cf. Williams v. Warden,* 240 Md. 205; *DeVaughn v. Warden,* 241 Md. 411.

Code (1965 Supp.), Art. 27, § 645A, states that relief may be based on certain enumerated grounds "provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction."

Since petitioner was silent throughout the hearing, the merits of his claim were not determined and, in this sense, not "litigated." This leaves the question of waiver. Sec. 645A (c) states that:

> "* * * an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation * * * in a prior petition * * * actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special cricumstances shall be upon the petitioner. [T]here shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation."

As stated above, sufficient grounds existed prior to the hearing in 1963 for Judge Digges to order a continuance while petitioner underwent psychiatric care at Clifton T. Perkins Hospital. Mr. John J. Mitchell, Esq., the lawyer who was appointed to represent petitioner at his hearing, set forth in his affidavit that the case worker assigned to petitioner during his internment at Clifton T. Perkins Hospital stated that petitioner had been diagnosed as being a paranoid, schizophrenic and psychotic and was not competent to assist in the preparation of his case. The record of the case contains no statement from the doctors at Perkins as to petitioner's condition upon his release, but the record is clear that, *in fact,* petitioner was not in such a mental and emotional state as to be able to assist his counsel in the preparation and proof of his contentions. We

think that the circumstances of this case adequately rebut the presumption of a knowing and intelligent waiver of the allegation of perjury by Scott. At the least, there are in this case "special circumstances" which warrant our holding that petitioner should be afforded an opportunity to prove this contention even though, under ordinary circumstances, it should have been raised at the first hearing and the application will be granted as to this point only and the case remanded for a hearing to determine whether the State did, as Washington claims, suborn perjury.

*Application for leave to appeal granted, and case remanded for further proceedings.*