## BALDWIN *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 97, September Term, 1965.]

*Decided June 29, 1966.*

Before Prescott, C. J., and Hammond, Horney, Oppenheimer, Barnes and McWilliams, JJ.

Barnes, J., delivered the opinion of the Court.

Russell Harvey Baldwin (the applicant) was indicted for murder on June 17, 1960, in Prince George's County. He was arraigned twelve days later, at which time he entered a plea of not guilty. Counsel was appointed on the day of arraignment. On August 4, 1960, a plea of insanity was filed, following which he was committed to Spring Grove State Hospital for examination. After such examination and the filing of a report from the Department of Mental Hygiene, trial began in the Circuit Court before Judges Marbury and Powers on December 1, 1960. A jury found him sane at the time the crime was committed, sane at the time of trial, and guilty of murder, whereupon he was sentenced to life imprisonment.

The applicant appealed his conviction and we affirmed the trial court in *Baldwin v. State,* 226 Md. 409, 174 A. 2d 57 (1961). He has been before this Court on two other occasions where we denied his applications for leave to appeal from the refusals of trial courts to grant him post conviction relief. *Baldwin v. Warden,* 237 Md. 638, 206 A. 2d 710 (1964); *Baldwin v. Warden,* 234 Md. 626, 198 A. 2d 290 (1964).

On May 21, 1965 the applicant filed a petition for a writ of habeas corpus in the United States District Court for the District of Maryland. That Court denied him relief. On September 20, 1965 he filed his latest petition for relief under the Uniform Post Conviction Procedure Act, which was denied on October 4, 1965. He now seeks leave to appeal from that determination.

The contentions raised in this application for leave to appeal, in exactly the language used by the applicant, are as follows:

1. Illegal arrest and search and seizure.

2. Perjury (sic) testimony by Det Pinsor and Wm Carrey.

3. False indictment. Charged with killing someone else not my wife.

4. Statement used not legal.

5. Incompetent counsel.

6. Lay witness not allowed to testify.

7. Delay in time before I was tried.

8. Lack of counsel at his preliminary hearing.

9. No consideration given to outside doctors.

10. Was not given equal rights like my cell mates Gibbson Clarence Peed and Harry Guthery.

The issues raised in contentions Nos. 5, 6 and 9 were fully and finally litigated at the applicant's appeal or prior post conviction proceedings and will not be reheard at this time. Code (1965 Cum. Supp.), Art. 27, §645A(b).

Contention No. 3 is patently frivolous; and contentions No. 4 and 10 are bald and unintelligible allegations which can afford the applicant no post conviction relief.

Contention No. 1 can be summarily disposed of. There is no allegation or showing that any "fruits" of an illegal arrest or search were introduced against the applicant at his trial. The alleged illegality of the arrest, search and seizure is therefore immaterial. *Hornes v. Warden,* 235 Md. 673, 202 A. 2d 643 (1964) ; *Ogle v. Warden,* 236 Md. 425, 204 A. 2d 179 (1964) ; *Forrester v. Warden,* 233 Md. 620, 195 A. 2d 693 (1963).

The applicant's 7th contention is likewise without merit. The applicant was indicted for murder on June 17, 1960. Twelve days later he was arraigned and counsel were appointed to rep-

resent him. A plea of not guilty by reason of insanity was entered on August 4, 1960. The trial commenced on December 1, 1960. The delay of some four months from the time of the applicant's indictment to the date of trial was not at all unreasonable under the cricumstances in this case. The docket entries clearly show that the fall of 1960 was spent in examining the applicant in relation to his plea of not guilty by reason of insanity and in summoning witnesses who would testify for the defense. The trial was commenced with due diligence. See *Jones v. State,* 241 Md. 599, 217 A. 2d 367 (1966).

In his 8th contention the applicant alleges that he was not represented by counsel at his preliminary hearing. Since he entered a plea of not guilty at that proceeding "it was not such a critical stage as to require presence of counsel." *Evans v. Warden,* 240 Md. 333, 214 A. 2d 144 (1965).

In regard to contention No. 2, a bald allegation of perjury as to William Carrey without any charge or showing that the State participated in or induced false testimony is no ground for post conviction relief. *Marks v. Warden,* 235 Md. 687, 202 A. 2d 763 (1964); *Hyde v. Warden,* 235 Md. 641, 202 A. 2d 382 (1964); *Dyson v. Warden,* 233 Md. 630, 196 A. 2d 455 (1964).

In his 2nd contention, the applicant also alleged that "Det Pinsor" gave perjured testimony. There was no person named "Pinsor" who testified at the trial. If we assume, *arguendo,* that the applicant possibly intended to refer to Detective Sergeant Richard A. Pearson of the Prince George's County Police Department as having given perjured testimony at the trial, we have held that perjured police testimony is a proper ground for relief under the Uniform Post Conviction Procedure Act since it amounts to knowing use by the State of perjured testimony. *Strosnider v. Warden,* 228 Md. 663, 180 A. 2d 854 (1962). *Washington v. Warden,* 243 Md. 316, 220 A. 2d 607. This allegation was not raised, however, at the applicant's trial or in either of his two previous petitions for post conviction relief. The applicant, moreover, does not allege any circumstances which would explain or excuse his failure to raise this objection which could have been brought in his prior petitions. He has not rebutted the presumption that he had intelligently

waived this objection. Code (1965 Cum. Supp.) Art. 27, §645A(c). See *Roe v. Director,* 240 Md. 717, 214 A. 2d 162 (1965); *Williams v. Warden,* 240 Md. 205, 213 A. 2d 579 (1965). Cf. *Strosnider v. Warden, supra,* in which the applicant maintained "that he did not know of these facts (alleged police perjury and withholding of exculpatory evidence) at the time of his trial but discovered them subsequently."

We note that the trial court relied in its opinion on Maryland Rule BK48. We indicated in *Williams v. Warden, supra,* that the Maryland Post Conviction Procedure Act "was amended by the General Assembly on April 8, 1965 to provide that an allegation of error shall not be deemed to be waived unless a petitioner 'intelligently and knowingly' failed to make such allegation at trial, on appeal, or in subsequent proceedings actually brought to secure post conviction relief." Code (1965 Cum. Supp.) Art. 27, §645A(c). Acts of 1965, ch. 442. This amendment repealed §645H of the Maryland Post Conviction Procedure Act which had provided that all allegations of error which could reasonably have been raised in an original or amended petition, and were not so raised, are deemed waived when brought in subsequent petitions for post conviction relief.

Maryland Rule BK48 provides that after one petition for post conviction relief has been brought, a subsequent petition may be summarily dismissed by a court unless it finds that the allegations of error set out therein could not reasonably have been brought in prior petitions for relief. In light of the repeal of §645H and the amendment of §645A subsequent to our promulgation of Maryland Rule BK48, continued reliance on the Rule may possibly not be justified. We invite the attention of the Standing Committee on Rules of Practice and Procedure to this problem.

*Application denied.*