## MEADOWS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 130, September Term, 1965.]

*Decided September 9, 1966.*

Before Hammond, C. J., and Horney, Marbury, Oppen-heimer, Barnes and McWilliams, JJ.

Per Curiam.

On 24 November 1959, the petitioner, Broadus Meadows,

was tried and convicted of murder in the first degree before Judges J. Gilbert Prendergast and Michael J. Manley (later Chief Judge Manley). The imposition of sentence was postponed to allow for filing of a motion for new trial. For reasons undisclosed the motion was never filed. On 1 December 1959 petitioner was sentenced to life imprisonment. No appeal was taken.

On 17 January 1962 Meadows filed a petition under the Post Conviction Procedure Act alleging that the state had obtained his conviction by using testimony it knew was perjured.

On 7 March 1963 Judge Cullen, holding that Meadows had not alleged a ground for post conviction relief, denied the application. We reversed, *Meadows v. Warden,* 232 Md. 635, 192 A. 2d 758 (1963) and remanded the case for a factual inquiry into the allegation. On remand, Judge Cullen took testimony on the issue and found that there was no basis for a finding that the state had knowingly used perjured testimony. Application for leave to appeal was denied. *Meadows v. Warden,* 234 Md. 651, 200 A. 2d 65 (1964).

Petitioner's second petition for post conviction relief was filed on 23 August 1965. On 14 December 1965 Judge Cardin denied relief. This application for leave to appeal was filed 23 December 1965. It must be denied.

Petitioner's application states no grounds why the lower court's order should be reversed as required by Maryland Rule BK 46, and it may be denied on that ground alone. *Jones v. Warden,* 241 Md. 728, 217 A. 2d 338 (1966). However, because he was convicted of the crime of murder, we have reviewed the contentions he put to the trial judge.

Petitioner contends, once again, that his conviction was obtained through the knowing use of perjured testimony. This claim has been previously, finally and exhaustively litigated and no longer constitutes a ground upon which relief may be granted. Code, Art. 27, § 645 A (b) (1957 Cum. Supp. 1965).

For the first time petitioner contends that he was denied legal assistance at the time of his arrest and interrogation and that, therefore, the statement obtained from him was illegal and improperly used as evidence against him. Judge Cardin found that petitioner was not able "to substantiate his contention with

even the slightest factual evidence." This finding is not clearly erroneous, and, we might add, the conviction in this case preceded *Escobedo v. Illinois,* 378 U. S. 478 (1964) and *Miranda v. Arizona,* 384 U. S. 436 (1966), and these cases are not retroactive. *Johnson v. New Jersey,* 384 U. S. 719 (1966).

Petitioner also contends for the first time that he was denied effective legal assistance during his trial. Unlike the "Escobedo" contention this claim could easily have been raised in Meadows' prior post conviction hearing. He has shown no special circumstances to rebut the presumption that he has knowingly and intelligently waived this particular allegation of error. Code, Art. 27, § 645 A (c) (1957 Cum. Supp. 1965).

The same may be said of his contention that he was denied the right to file a motion for a new trial or note an appeal. Moreover, Judge Cardin found no basis for this complaint.

Finally, petitioner alleges that the evidence was insufficient to justify his conviction. Once more it is necessary to state that the question of guilt is not subject to review in a post conviction hearing. *Sturgis v. Warden,* 241 Md. 728, 217 A. 2d 341 (1966).

*Application denied.*