## FREDERICK J. ARCHER *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 10, Initial Term, 1967.]

*Decided February 14, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

ANDERSON, J., delivered the opinion of the Court.

The petitioner, together with two co-defendants, Billy Eugene Sellars and Gary Jeffrey Grant, was convicted on December 11, 1963, in the Circuit Court for Howard County of breaking and entering and grand larceny and sentenced to serve six years in the Maryland House of Correction. A motion for a new trial was filed in his behalf by his attorney and was denied. He took no direct appeal to the Court of Appeals of Maryland. However, a co-defendant, Billy Eugene Sellars, filed an appeal in the Court of Appeals and his conviction was reversed. *Sellars v. State,* 237 Md. 58. The other co-defendant, Grant, took no direct appeal. Post conviction relief denied. *Grant v. Warden,* 240 Md. 739.

On August 16, 1965, the petitioner through court-appointed counsel filed a petition for relief under the Uniform Post Conviction Procedure Act, in which he makes the following contentions: (1) that his arrest was unlawful; (2) that the search and seizure pursuant to his arrest was unlawful; (3) that the items seized after his arrest were introduced into evidence against him unlawfully; (4) that he was not advised of his rights to appeal the conviction.

A hearing was held on March 24, 1966, before Judge Mayfield, and on May 28, 1966, Judge Mayfield filed a Memorandum Opinion denying the relief sought.

The court below in his opinion considered all of the petitioner's contentions and came to the conclusion that since the first three were matters that would have been proper subjects of appeal from his conviction and sentence, the sole question to decide was whether or not the petitioner made an intelligent waiver of his right to appeal so as to preclude him from obtaining relief in the proceedings.

After a careful consideration of all the evidence, the lower court found as a fact that, based on his own testimony the petitioner was aware of his right of appeal, the question of illegal search having been raised and preserved during his trial, and that he deliberately waived such right. He was, therefore, precluded from raising the question of illegal search in this pro-

ceeding. We agree with the conclusion reached by the lower court. *Carney v. Warden,* 235 Md. 676.

In *Carney v. Warden,* supra, the Court said: "The court, as we have already stated, found as a fact that applicant knew of his right to appeal. His trial attorney testified at the hearing that he had prepared an order for appeal, but that it was never filed by the applicant. We have repeatedly stated that a direct appeal is the proper procedure to raise this contention with respect to search and seizure, and failure to take an appeal precludes raising the issue of illegal search in this proceeding. *Ralph v. Warden,* 230 Md. 616; *Strosnider v. Warden,* 228 Md. 663. Thus even if applicant had not abandoned this contention, and even if additional testimony were to support his claim (if properly raised at his trial) of an illegal search and seizure, his application would still have to be denied on the basis of his having failed to preserve the issue for determination on direct appeal."

This Court also had the benefit of Judge Macgill's opinion in the lower court in case of the co-defendant, Gary Jeffery Grant, which came before him on post conviction. There the same identical question was raised by petitioner (intelligent waiver of his right to appeal) and found by Judge Macgill to be without merit. Grant's application for leave to appeal was denied by the Court of Appeals for the reasons set forth by Judge Macgill in his opinion filed in the lower court. *Grant v. Warden,* 240 Md. 739.

The questions raised in both cases are identical and decided in *Grant v. Warden,* supra. Also the petitioner alleges no special circumstances to rebut the presumption that he knowingly and intelligently waived this particular allegation of error. Code, Art. 27, Sec. 645 (c), (Cum. Supp. 1966). *Meadows v. Warden,* 243 Md. 710, 713.

For the above reasons the application of Frederick J. Archer to appeal from denial of relief under the Uniform Post Conviction Procedure Act is denied.

*Application denied.*