## JAMES G. McCLOSKEY *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 16, Initial Term, 1967.]

*Decided May 12, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an Order, dated April 14, 1966, of Chief Judge J. Deweese Carter, sitting in the Circuit Court for Cecil County, denying the Petitioner's second application for relief under the Uniform Post Conviction Procedure Act.

The Petitioner was convicted of assault and battery in 1958 and sentenced to three years in the Maryland House of Correction and, thereafter, he was transferred to the Patuxent Institution.

In *McCloskey v. Director,* 242 Md. 717 (1966), cert. den. 385 U. S. 951, the Court of Appeals of Maryland denied the Petitioner's application for leave to appeal from an Order of Judge Keating, sitting in the Circuit Court for Cecil County, dated September 27, 1965, denying the Petitioner post conviction relief. Prior thereto, the Court of Appeals, in *McCloskey v. Director,* 230 Md. 635 (1963), had reviewed the legality of the Petitioner's commitment to Patuxent Institution and denied his application for leave to appeal. The Petitioner's application for leave to appeal from an Order, dated May 3, 1965, of Judge George B. Rasin, Jr., recommitting the Petitioner to Patuxent Institution, has recently been granted by the Court of Appeals. *McCloskey v. Director,* 226 A. 2d 534 (1967). The case was remanded for a redetermination hearing on the grounds that the lower Court erred in not allowing the Petitioner to waive his right to counsel and appear *pro se* (Code, Art. 31 B, Cum. Supp. 1966) and in not allowing the Petitioner to use the discovery procedures provided by the Maryland Rules.

As grounds for the subject petition, it is contended, in substance, that the Petitioner's constitutional rights are being violated by his confinement because:

1. The professional staff at the Institution treat him in a prejudiced and discriminatory manner because he does not believe in psychiatry and they insist that he follow the procedures and psychiatric programs of the Institution.

2. Copies of the Institution's reports have not been made available to him.

3. He cannot obtain a hearing under Code, Article 59, Section 21.

4. His confinement constitutes cruel and unusual punishment.

In this application for leave to appeal, he asserts that Chief Judge Carter committed reversible error because his Petition was denied without a hearing or the appointment of counsel and that "there existed a conflict between Judge Carter and the Petitioner, which was prejudicial to the rendering of a fair and impartial decision * * *."

Chief Judge Carter found that the Petitioner's present contentions could have been raised at the hearing before Judge Keating, referred to above, and "Having had such an opportunity, he cannot now be heard in respect to such complaints under the provisions of Maryland Rule BK48, as aforesaid". This conclusion was reached several months prior to the decision of the Court of Appeals of Maryland in *Baldwin v. Warden,* 243 Md. 326 (Decided June 29, 1966) wherein it is said (at page 330) :

> "Maryland Rule BK48 provides that after one petition for post conviction relief has been brought, a subsequent petition may be summarily dismissed by a court unless it finds that the allegations of error set out therein could not reasonably have been brought in prior petitions for relief. In light of the repeal of § 645H and the amendment of § 645A subsequent to our promulgation of Maryland Rule BK48, continued reliance on the Rule may possibly not be justified. We invite the attention of the Standing Committee on Rules of Practice and Procedure to this problem."

Code, Art. 27, Sec. 645 A, as amended, provides that "When an allegation of error could have been made by a petitioner * * * in a prior petition * * * but was not in fact so made, there shall be a rebuttable presumption that said Petitioner intelligently and knowingly failed to make such allegation."

The Petitioner avows in his application for leave to appeal "That Judge Carter's claim that Petitioner could and should have raised the questions (set forth in said Post Conviction Petition) three years ago and his failure to have done so deprives him of the right to do so now is preposterous and ridiculous

* * *." Aside from this statement, the Petitioner has neither alleged nor made a factual showing of any special circumstances which would rebut the presumption that he has knowingly and intelligently waived the contentions raised in the subject Petition. Code, Art. 27 Sec. 645 A (c) (Cum. Supp. 1966) ; *Williams v. Warden,* 240 Md. 205, 208 (1965) ; *Bagley v. Warden,* 1 Md. App. 154 (1967).

Accordingly, we find no error in Chief Judge Carter's failure to conduct a hearing or appoint counsel in connection with his consideration of Petitioner's second Petition.

Petitioner's assertion that there is a conflict between him and the Judge could be said of every Judge who denies post conviction relief and, standing alone, is not ground for reversal.

In any event, as to the Petitioner's first contention, the procedures of the Patuxent Institution are authorized and required by the Defective Delinquent Act, Code Art. 31 B (Cum. Supp. 1966) and do not violate the Petitioner's constitutional rights. *Director v. Daniels,* 243 Md. 16 (1966) ; cert. den. *Avey v. Boslow,* 17 L. Ed. 2d 219 (1966).

His second contention has been resolved in his favor in *McCloskey v. Director,* supra.

His third contention is without merit since Code Art. 59, Sec. 21 (Cum. Supp. 1966) contemplates a hearing to determine the sanity of one who has previously been adjudicated insane. The Petitioner has never been adjudicated insane. He has been found to be a Defective Delinquent. Cf. *Director v. Daniels,* supra (at page 30).

His fourth contention is unavailing since the Court of Appeals, in *Daniels,* supra, at pages 27 and 28, specifically held that "the Act [Defective Delinquent Act] does not, as written and applied, offend the prohibition against cruel and unusual punishment * * *."

*Application denied.*