WILLIAM RANDOLPH SMITH *v.* WARDEN,
MARYLAND PENITENTIARY

[No. 9, September Term, 1969.]

*Decided August 28, 1969.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH,
and THOMPSON, JJ.

*Frank P. Flury* and *J. Frederick Garner* for applicant.

*Francis B. Burch,* Attorney General, and *Arthur A. Marshall, Jr.,* State's Attorney for Prince George's County, for respondent.

ORTH, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of 3 February 1969 of Judge Roscoe H. Parker, presiding in the Circuit Court for Prince George's County, denying relief prayed under a petition for relief under post conviction procedures. The prior history of the case is set forth in the memorandum accompanying the order.

The allegation of error as to the denial of relief, which was also the basis for a motion for a new trial which was denied, arises from the identification of the applicant at a lineup. Prior to the trial resulting in his conviction, the applicant filed a motion for discovery. It included a request for the State to "furnish copies or permit defendant or his attorneys to copy all reports and results of all reports received by the State concerning any aspect of this case." At the hearing on the post conviction petition it was stipulated that this "was never done affirmatively" and that "no reports were ever shown to the defense."[1] At the trial, a victim of the robbery, Peter Barbera, testified that he identified the applicant at a lineup —"I recognized the voice, and then I knew what I heard that night, the voice was together." The applicant alleges that "[i]t was only through chance that defendant's counsel saw the said official lineup sheet, months after the trial * * *." [2] The lineup sheet, according to the memorandum opinion of the hearing court, noted that "Peter and Margaret Barbera say #6, which was the defendant, was possibly the voice engaged in the holdup, robbery." The applicant urges that this variance between the notation on the lineup sheet and the testimony of Peter Barbera at the trial affords him grounds for relief in view of the non-disclosure to him of the lineup sheet. The hearing court stated in its memorandum that the applicant did not claim that this evidence was deliberately suppressed by the State. "I don't gather that you said that. From the tenor of your trial (hearing) I think you said, I would gather that you say it was oversight." It felt, however, that there was "the same import under the law, whether it is inadvertently or whether it was deliberately done." It decided the question under the holding in *Ross v. Warden*, 1 Md. App. 46, in which we said, at 53-54:

---

1. It seems that the State did not respond to the motion and that the applicant went to trial without demanding an answer.
2. It appears that the State introduced the lineup sheet at a subsequent trial of the applicant for another offense.

"The Court of Appeals has held that the suppression or withholding by the State of material evidence exculpatory to an accused is a violation of due process and is ground for relief under the Uniform Post Conviction Procedure Act. The test in determining when a suppression of evidence can be said to amount to a denial of due process is that the evidence withheld was admissible, useful to the defense and capable of clearing or tending to clear the accused of guilt—i.e., exculpatory, or of substantially affecting the punishment to be imposed * * *. The State's Attorney is chargeable with knowledge of those facts known to the police department representing the local subdivision that has jurisdiction to try the case. *State v. Giles,* 239 Md. 458, 212 A. 2d 101 (1965), cert. granted, 383 U. S. 941, (1967), 35 L.W. 4181; *Strosnider v. Warden,* 228 Md. 663, 180 A. 2d 854."

The court here found that the evidence would have been admissible and that it would have been useful to the defense but that it was not exculpatory because it did not have the effect of "freeing or tending to free from blame" as would be the case where a complaining witness told the police that the accused was not the guilty party. In effect, the hearing court found that the evidence not disclosed went only to the weight of the in-court identification and thus was not exculpatory; as it was not exculpatory it afforded no ground for relief. It had "some doubt" whether the notation on the lineup sheet was accurate, but did not decide the point, assuming for the purpose of its decision that it was accurate.

On 1 May 1969 on grant of certiorari to this Court, the Court of Appeals decided *Austin v. State,* 253 Md. 313. In *Austin,* there was evidence that the robbery victim had identified the defendant from a police photograph and subsequently at a lineup. The defense read in-

to the record the testimony of a witness then deceased, taken from the transcript of the defendant's former trial which had been invalidated as a result of *Schowgurow v. State,* 240 Md. 121. This testimony was that he had seen two men enter the premises of the victim and leave about 20 minutes later but he was not able to identify them. The defendant called a police officer who had interviewed the witness immediately after the crime and made a departmental report. The defendant offered the report for the purpose of showing that the officer had received from the witness a description of two men substantially different from that given the police by the victim and possibly different from that of the appearance of the defendant himself. The court excluded the report upon objection by the State. We upheld the ruling, *Austin v. State,* 3 Md. App. 231, and certiorari was granted for the sole purpose of determining the correctness of our holding. In holding that whether the report should or should not have been admitted depended upon its relevancy,[3] the Court of Appeals found that it was relevant, quoting with approval *State v. Aubuchon,* 381 S.W.2d 807 (Missouri, 1964):

> "* * * We hold now that, if there is a satisfactory showing that a report or statement of a witness in the hands of the State is of such nature that *without it* the defendant's trial would be *fundamentally unfair,* then it should be produced; otherwise not. * * *." (Second Emphasis supplied by the Court of Appeals).

It stated:

> "Insofar as the effect it may have on the right of the accused to a fair trial, we see no basic distinction between evidence the State willfully fails to disclose and that withheld be-

---

3. As to the issue of proper proffer the Court said that the "report was in the State's possession, it was familiar with its contents, and the substance of the report being information on the identity of the accused, spoke for itself."

cause of an erroneous evaluation by the court as to its relevancy. In both instances the accused may be prejudiced by the evidence being withheld from the jury. We are persuaded that the report, for whatever weight the jury may have assigned to it, was relevant to the case and, if for no other reason than that of fundamental fairness to the accused, should have been admitted into evidence."

We think that the instant case must be remanded for a factual determination by the hearing court, upon such additional testimony heard and evidence received as it deems advisable, with respect to the identification by Peter Barbera at the lineup. If it finds that such identification was not as stated by Barbera at the trial and that the notation on the lineup sheet was in substance accurate, we feel that the allegation of error raised by the applicant must be reconsidered by the lower court in the light of the rationale of *Austin*. Even assuming that the case here does not fall within the context of *Brady v. Maryland*, 373 U. S. 83 and *Giles v. Maryland*, 386 U. S. 66, "where the State knowingly failed to disclose evidence which it had in its possession, * * * [n]onetheless, responsibility of the State 'to provide a fair trial under the Due Process Clause' still persists * * *." We note the State was chargeable with the content of the lineup sheet.

*Application granted and case remanded for further proceedings in accordance with this opinion.*