## HAMM *v.* STATE

[No. 130, September Term, 1963.]

*Decided January 8, 1964.*

The cause was submitted to BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Nelson R. Kandel* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Fred Oken, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Andrew J. Graham, Assistant State's Attorney,* for the appellee.

PER CURIAM.

Appellant raises three questions: (1) an alleged insufficiency

of evidence; (2) prejudicial error by the trial judge in permitting the State to reopen its case and present additional testimony; and (3) error by the judge in refusing to strike out certain evidence. None of them has merit.

It would serve no useful purpose to set forth the evidence in detail. Two men walked into a branch office of the Western Union Telegraph Company in Baltimore, and, at the point of a pistol, seized money from a safe and the person of the manager. A careful reading of the testimony discloses ample evidence to support the finding of the trial judge, sitting without a jury, of the constituent elements of armed robbery by the appellant.

After the State had rested its case, the court, upon motion made, permitted the State to reopen the case for the purpose of offering another witness. We find no abuse of discretion here. *Stansbury v. State,* 218 Md. 255, 146 A. 2d 17.

Appellant's co-defendant testified against him. This witness admitted that he had given testimony at a preliminary hearing contrary to his testimony at the trial. The appellant claims his testimony at the trial should be stricken. The reason assigned by the witness for the contradictory statements was that the appellant had solicited him to take full blame for the robbery and he had "gone along" with appellant "for a time." Mere contradictory statements made at different times do not require that the testimony given at the trial should be stricken, and the credibility of the witnesses is primarily for the trier of facts. Maryland Rule 886 a; *Weaver v. State,* 226 Md. 431, 174 A. 2d 76.

*Judgment affirmed, as to Lloyd Hamm.*