## HAMM *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 130, September Term, 1964.]

*Decided May 10, 1965.*

Before Prescott, C. J., and Horney, Marbury, Oppen-heimer and Barnes, JJ.

Per Curiam.

This is an application for leave to appeal from an order entered by Judge Joseph R. Byrnes, sitting in the Criminal Court of Baltimore, denying relief under the Maryland Post Conviction Procedure Act (the Act) on October 26, 1964, after a hearing thereon.

On May 3, 1963, the applicant, Lloyd Hamm, was tried and convicted in the Criminal Court of Baltimore before Judge Anselm Sodaro, sitting without a jury, of robbery with a deadly weapon and sentenced to serve twenty years in the Maryland Penitentiary. At the trial, Franklin Knox, a co-defendant, testified to the applicant's participation in the robbery, although Knox had denied the applicant's complicity at the preliminary hearing. We affirmed that conviction in *Hamm v. State,* 233 Md. 248 (1964), holding, *inter alia,* that the mere showing of contradictory statements of Knox made at different times did not require his testimony to be stricken. We noted that the credibility of the witnesses is primarily for the trier of facts. At the hearing on this petition before Judge Byrnes on October 26, Knox stated that his testimony before Judge Sodaro implicating the applicant in the robbery was untrue.

On these facts, the applicant raises three contentions, namely, (1) Suppression of evidence by the State, (2) Ineptitude of counsel constituting a denial of the effective assistance of counsel, and (3) Knowing use of perjured testimony by the State.

The first contention amounts to no more than a bare allegation without supporting facts. Under such circumstances the question is not properly before us. Md. Rule BK46 b. To support his second contention the applicant points to what he claims to be the inadequate amount of time counsel spent conferring

with him at the penitentiary prior to trial as factual support for an allegation of ineffective assistance of counsel. We have held elsewhere that ineffective assistance of counsel, though available as a ground for post conviction relief, must go to the fairness of the trial. *Hyde v. Warden,* 235 Md. 641, 646 (1964) and cases therein cited. In any event, even if we were to agree that such a complaint is a proper question to be reviewed by way of post conviction proceedings, we cannot say that short conferences on more than one occasion amounts of itself to inadequate consultation.

Judge Byrnes was incorrect in his belief that the applicant's third contention was previously reviewed by us in *Hamm v. State, supra.* In *Hamm* we dealt only with Knox's testimony at the trial as it deviated from his prior testimony. At the hearing before Judge Byrnes on the present petition, Knox admitted that he had given perjured testimony at the trial when he implicated Hamm in the robbery. We are therefore confronted with the testimony of a recanting witness, a question which obviously cannot be raised until the witness recants. The petitioner alleges the State knew Knox's testimony at the trial was perjured. The application is therefore remanded for findings of fact on the limited question of whether Knox's testimony at the time of trial, implicating Hamm, was false and if so whether the State used such testimony knowing it to be false. In order for the question of a recanting witness to be a proper ground for post conviction relief, both requirements must be met. *Coleman v. State,* 221 Md. 30, 32, (1959) and cases cited therein.

> *Case remanded as to Contention (3); application denied as to Contentions (1) and (2).*