## DAILEY *v.* STATE

[No. 388, September Term, 1964.]

*Decided July 30, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*George L. Russell, Jr.,* with whom was *Richard K. Jacobsen* on the brief, for appellant.

*Julius A. Romano, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Stanley Cohen, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

On March 24, 1963, the appellant, Joseph Dailey, was arrested in connection with the burglary of the American Express Company office in Baltimore. At the time of his arrest he made certain statements to the police and the police seized certain objects from his room. After he was taken to Central police station, he admitted having committed several statutory burglaries and attempted burglaries. Thereafter the State obtained fifteen indictments against him. Eleven of these were prosecuted to convictions in the Criminal Court of Baltimore. The remaining four were stetted by the State apparently because the prosecuting witnesses were misnamed. Dailey appealed the convictions under the eleven indictments to this Court. We reversed three and affirmed the other eight convictions. *Dailey v. State,* 234 Md. 325, 199 A. 2d 211, *cert. den.* 379 U. S. 975 (1964).

The State elected not to re-prosecute the appellant in the three cases reversed. Instead, it obtained the re-indictment of Dailey

in the four cases which had been stetted earlier. These four cases were tried before Judge Prendergast in the Criminal Court of Baltimore without a jury. Judge Prendergast granted motions for judgments of acquittal in two of the cases for reasons not pertinent here, and found Dailey guilty in the other two, sentencing him to two consecutive five-year terms in the penitentiary, and Dailey appealed. In the two cases now before us, the appellant was convicted of breaking the storehouse of Clark's Howard Street, Inc., and of breaking the warehouse of the Heart Association of Maryland, Inc.

On this appeal the appellant makes only one contention: that "the statements given by the appellant following the illegal search of his apartment and during a period of continuous illegal detention was 'tainted' by the illegal search and should not have been admitted into evidence." Since no question is raised in regard to the sufficiency of the evidence, we need not discuss the circumstances of the two breakings.

The circumstances of the arrest and the search and seizures are virtually undisputed. The facts, where pertinent here, were recited as follows in *Dailey v. State, supra* (at p. 328 of 234 Md.):

> "On March 23, 1963, at about 11 P.M. a burglar alarm installed in the premises of the American Express Company at 213 North Charles Street was set off. A special officer of the company that installed the alarm, together with officers of the Baltimore police force, went immediately to the premises and entered the front door. * * * The police found a window broken in the rear. One of the bars across the window had been sawed through. * * * Outside the window in an areaway, they found a man's coat in the pocket of which was a case containing two keys. They also found a kit of tools * * *.
>
> "The police concluded that the owner of the keys resided in a rooming house in the vicinity. * * * [T]he police proceeded diligently to try the large key in the outer doors of the various rooming houses and at about 12:30 A.M. found that it fitted the door of 115

> W. Mulberry Street, about two or three blocks from the scene of the crime. They went to room 5 [one of the keys was stamped with that numeral] and knocked but received no answer. They tried the key numbered 5 and it opened the door."

Inside the police found the appellant who (according to the police lieutenant who testified in the cases before us) asked, "How did you find me so fast?" The police then searched the appellant's apartment, with his consent they stated, and seized several objects. The appellant and the goods were then taken to Central police station where he was interrogated a number of times in regard to many crimes. During one of the periods of interrogation Dailey made certain oral incriminatory admissions relating to the cases now before us. No tangible evidence had been seized in connection with the Heart Association case, but some had been seized in the Clark store case. Certain merchandise was identified by the appellant during the time that the admissions were made as having come from Clark's store. However, in the two instant cases, the State did not introduce any tangible evidence below and did not offer any written statement. The oral admissions made by Dailey were admitted in evidence as part of the police lieutenant's testimony. It is to the admission of this testimony that the appellant objects. The trial judge found that the admissions had been freely and voluntarily made and allowed the police officer to testify. The appellant elected not to testify in his own behalf for any purpose, and no defense witnesses were called.

We need not discuss the arrest or the search and seizures since we held in *Dailey v. State, supra,* that the arrest was unlawful and that the subsequent search and seizures were unreasonable because the arresting officers were trespassers at the time. For this reason we reversed those cases in which illegally seized objects were put in evidence at the trial. Therefore, the only question before us is whether the admissions made after the unlawful arrest and the illegal searches and seizures were rendered inadmissible.

The appellant urges that his admissions were inadmissible as a matter of law because they were made while he was in cus-

tody after an illegal arrest, under the doctrine of *Wong Sun v. United States,* 371 U. S. 471 (1963), and on the ground that the admissions were induced by reason of the fact that appellant was confronted with illegally obtained evidence, under the doctrine of *Fahy v. Connecticut,* 375 U. S. 85 (1963). However, we have held a number of times that *Wong Sun* does not control prosecutions in State courts, and that the rule of the Supreme Court, as well as that of Maryland, is that the critical test of admissibility of a confession is whether it was in fact voluntarily made. *McChan v. State,* 238 Md. 149, 207 A. 2d 632 (1965); *Mefford and Blackburn v. State,* 235 Md. 497, 201 A. 2d 824 (1964); *Prescoe v. State,* 231 Md. 486, 191 A. 2d 226 (1963); and see *Culombe v. Connecticut,* 367 U. S. 568 (1961). And we pointed out in *McChan v. State, supra,* that *Fahy v. Connecticut* does not require the exclusion of a confession unless it appears that the accused was shown the illegally seized evidence and that such confrontation did in fact induce the confession.

While it appears from the evidence that the seized items involved in the Clark case were exhibited to appellant during part of his interrogation, Judge Prendergast found that appellant's admissions of guilt in the Clark and Heart Association cases had not in fact been induced thereby, pointing out that appellant had volunteered his statements concerning the two cases when the police first mentioned them. In the first *Dailey* case we held that admissions made by Dailey to crimes therein involved were admissible since they had been voluntarily made. Those admissions were made during the same period of detention in which the admissions here were made. We think the first *Dailey* case controls the present case, as there is no basis for holding the trial judge clearly in error with respect to his factual findings. Appellant would have us overrule such cases as *Dailey* and *McChan, supra,* but we see no reason to do so.

*Judgments affirmed.*