# DeVAUGHN v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 35, September Term, 1965.]

*Decided February 14, 1966.*

Before Prescott, C. J., and Hammond, Horney, Oppen-
heimer and McWilliams, JJ.

Hammond, J., delivered the opinion of the Court.

Edward Everett DeVaughn was convicted of first degree mur-
der and was sentenced to the Maryland Penitentiary for life.
His conviction was affirmed in *DeVaughn v. State*, 232 Md.
447, *cert. denied*, 376 U. S. 927, 11 L. Ed. 2d 623. DeVaughn
then filed a petition for post conviction relief, a lawyer was ap-
pointed to represent him, and a hearing was held before Judge
Sklar in open court at which time petitioner testified. After
considering the petitioner's numerous contentions, Judge Sklar
denied relief and petitioner has applied for leave to appeal.

We agree that the application should be denied.

Judge Sklar's opinion was filed on March 15, 1965, and the
amendments to the Uniform Post Conviction Procedure Act
(which took effect June 1, 1965, and are presently found in
Code (1965 Supp.), Art. 27, § 645A-J), were not in effect so
that the petition must be considered under the former statutes
and the cases which have interpreted it. *Williams v. Warden*,
240 Md. 205.

Petitioner contends:

(1) That he received an unlawful conviction and sentence.
If this claim relates to a violation of any constitutional right,
it is far too vague to warrant relief, *Slater v. Warden*, 233 Md.
609, *Reeves v. Warden*, 231 Md. 613, and if it relates to the
sufficiency and weight of the evidence, it is not a ground for
post conviction relief, *Young v. Warden*, 233 Md. 596, espe-
cially since the issue has been fully considered and finally de-
termined by this Court in petitioner's direct appeal, *DeVaughn
v. State, supra. Husk v. Warden*, 240 Md. 353.

(2) That the prosecuting witness committed perjury. No
relief can be given on the basis of such a contention since there
is no showing that the State participated in the use of the al-
leged perjured testimony. *Husk v. Warden, supra*.

(3) That the indictment was faulty in that it did not cor-
rectly state the name of the victim and therefore petitioner was

not properly appraised of whom he was accused of murdering and the autopsy report admitted into evidence was invalid "in that it was not about the deceased." In his opinion, Judge Sklar cited testimony at the original trial which reveals that the court and defense counsel were aware of a typographical error on the autopsy report and that trial counsel affirmatively waived any objection to this inconsequential mistake.

(4) That the State failed to read any indictment to the trial court or the petitioner in presenting its case for trial. In his opinion, Judge Sklar states that an examination of the transcript contradicts this contention and finds that the indictment was read in its entirety at the arraignment of the petitioner and at the trial he was again presented with the indictment.

(5) That the trial court failed to acknowledge the answer of the petitioner as to whether he would accept a trial by judge or jury. Even assuming that petitioner asked for a trial by jury, it is clear that this contention cannot be raised on post conviction since it was not raised on appeal. *Williams v. Warden, supra.*

(6) That a statement made by petitioner prior to trial was read into evidence without being presented to the defendant or his counsel for inspection. The transcript of the trial shows that petitioner's trial counsel stated he had no objection to the admission of the statement on the grounds of authenticity or voluntariness and that he was only concerned with the weight that should be given to it.

(7) That the State failed to prove that the bullets found in the victim were fired from the petitioner's revolver which was admitted into evidence without objection. This assertion merely goes to the sufficiency of the evidence and is not to be considered in post conviction proceedings. *Carney v. Warden,* 235 Md. 676; *Young v. Warden, supra.*

(8) That a witness, Dr. Charles S. Petty, contrary to instructions of the court, consulted with the State's Attorney who was trying the case and a number of his colleagues concerning the case while the court was adjourned and before the witness returned for cross-examination. While these facts were set out in petitioner's statement of facts in his brief on appeal, they were not mentioned in his written arguments and were not con-

sidered by this Court when it affirmed the conviction. The fact that the doctor had discussed the case outside the court room was known to the trial court and the defense counsel before the witness testified, and trial counsel made no objection to the witness testifying under these circumstances and no issue of the fact was made on appeal. This claim for relief will not be considered now. Even if the question was a proper one, the acceptance by the trial court of the testimony was a matter of discretion and is not a ground for post conviction relief without a showing of prejudice to the defendant. Judge Sklar's opinion indicates that no such showing of prejudice was made by the petitioner at the hearing.

(9) That the petitioner was called on to plead to the charge of murder when he was not represented by counsel. The docket reveals that he pleaded not guilty at the arraignment and the transcript indicates that there was no evidence admitted at the trial to the effect that petitioner had ever pleaded guilty to the charge. These facts do not constitute a case for post conviction relief. *Evans v. Warden,* 240 Md. 333; *Gopshes v. Warden,* 240 Md. 732.

(10) That the State has refused to supply petitioner with a transcript of the testimony at the trial. Petitioner has failed to state any reasons why it would be appropriate to furnish a transcript or why he is prejudiced without it. *Wade v. Warden,* 240 Md. 346; *Williams v. Warden, supra.*

(11) That the petitioner was inadequately represented by counsel at the trial. While it was stated in *Hyde v. Warden,* 235 Md. 641, that post conviction relief is available for incompetency of counsel without alleging fraud or collusion or objection to such incompetence at the trial, it has further been held in *Bryant v. Warden,* 235 Md. 658, and *Hamm v. Warden,* 238 Md. 633, that it is only when representation is so deficient as to make a farce out of the trial that the accused is entitled to a new trial on the ground of inadequate representation. The record extract filed with the petitioner's brief on appeal does not warrant the conclusion that such was the case.

*Application denied.*