NICK DONALD BAGLEY *v.* WARDEN, MARYLAND PENITENTIARY

[No. 66, Initial Term, 1967.]

*Decided April 10, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

ORTH, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of June 22, 1966, of Judge Joseph L. Carter, sitting in the Criminal Court of Baltimore, denying relief sought by applicant's second petition for post conviction relief under the Uniform Post Conviction Procedure Act without a hearing and without appointment of counsel.

Applicant was convicted of murder in the first degree on October 25, 1962, in the Criminal Court of Baltimore, by a jury, and sentenced to life imprisonment. The conviction and sentence were affirmed by the Court of Appeals in *Bagley v. State,* 232 Md. 86, decided June 19, 1963. On July 5, 1963, applicant filed his first petition for post conviction relief which was denied by order of Judge Dulany Foster on January 8, 1964, after a full hearing at which applicant was represented by counsel appointed by the court. No application for leave to appeal from this order was filed.

The allegations of error raised by applicant in this second petition under the Uniform Post Conviction Procedure Act may be summarized as follows:

1) The re-enactment of the crime made by him was improperly admitted in evidence because it was not voluntary and he was not represented by counsel, or advised of his right to counsel at the time it was made.

2) Photographs of the re-enactment of the crime were improperly admitted in evidence.

3) The extradition proceedings violated his constitutional rights. He was not represented by counsel at a preliminary hearing on extradition nor when he signed a waiver of extradition.

4) Oral statements and a signed confession were improperly admitted in evidence because they were not volun-

tary and he was not represented by counsel, or advised of his right to counsel at the time they were made.

The lower court, in its memorandum and order of June 22, 1966, denied relief without a hearing or appointment of counsel because all the contentions "either were or could and should have been raised" in applicant's first petition.

In the application for leave to appeal, designated by applicant as a "Notice of Appeal," he contends the lower court erred in denying relief without a hearing or appointment of counsel in that he was denied the opportunity to rebut the presumption that he intelligently and knowingly failed to raise the allegations in prior proceedings or to show special circumstances which would excuse the failure to raise them.

The first and second allegations were raised on direct appeal in *Bagley v. State,* supra. The Court of Appeals held that the re-enactment of the crime was, in fact, a second confession. It found that it was done freely and voluntarily and properly admitted in evidence. It further held that the admission in evidence of the photographs of the re-enactment was not improper. Thus, the first and second allegations of error would be deemed to be finally litigated unless, since the decision in *Bagley,* a court whose decisions are binding upon the lower courts of this State has held that the Constitution of the United States or of the State of Maryland has imposed a procedural or substantive standard with respect thereto, not theretofore recognized, which standard was to be applied retrospectively. Annotated Code of Maryland (1957), Art. 27, sec. 645 A a b d. No court has done so. Applicant's conviction became final before the decision in *Escobedo v. Illinois,* 378 U. S. 478, 84 Sup. Ct. 1758, 12 L. Ed. 2d 977 (1964), the decision in *Massiah v. United States,* 377 U. S. 201, 84 Sup. Ct. 1199, 12 L. Ed. 2d 246 (1964), and the decision in *Miranda v. Arizona,* 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694 (1966), and these cases are not retroactive. *Hyde v. State,* 240 Md. 661 (1965); *Elliott v. Warden,* 243 Md. 627 (1966); *Meadows v. Warden,* 243 Md. 710; *Johnson v. New Jersey,* 384 U. S. 719 (1966). Therefore, even if it is assumed that ap-

plicant was not advised of his rights, and that he had made known to police his desire to have legal advice but had not been given the opportunity to secure it before re-enacting the crime, he is, nevertheless, not entitled to post conviction relief as to the first and second allegations, the "second confession" being voluntary, and the allegations being finally litigated. *Wells v. Warden,* 244 Md. 722 (1966).

Applicant states no reasons why the extradition proceedings violated his constitutional rights except by a statement in a memorandum attached to his petition that the waiver of extradition was "without assistance of counsel." Cf. *Thornton v. Warden,* 241 Md. 715 (1966). The matter of the extradition proceedings was exhaustively considered by Judge Foster in his memorandum of January 8, 1964, denying relief sought by applicant's first petition. We find the third allegation to be without merit for the reasons stated in the memorandum of Judge Foster and for the reasons that *Escobedo, Massiah* and *Miranda* are not retrospectively applied.

With regard to the fourth allegation, the mere fact that applicant was not represented by counsel at the time of the interrogations and at the signing of the confession, does not, in itself, entitle him to post conviction relief. As we have stated, applicant's conviction became final before the decisions in *Escobedo, Massiah* and *Miranda,* and he is not within the ambit of those cases. The test as to the admissibility of a confession, prior to those cases, was whether it was the voluntary act of the accused and not a product of force, threats or inducement by way of promise or advantage. The fact that an accused is under arrest and without counsel at the time a confession is made does not of itself constitute duress or necessarily make the confession inadmissible. *Bagley v. State,* supra. The voluntariness *vel non* of the confession in the instant case has not been passed upon. In *Bagley,* supra, at page 92, the Court said:

> "Although the defendant contends that his signed confession was false, its admission as evidence is not challenged on appeal. It is the re-enactment, which

reiterated and effectively corroborated the first confession, that is objected to as being involuntary."

However, since the allegation that the oral statements and signed confession were not voluntary was available but not raised on appeal, or in his prior petition, it is presumed to be waived. *Farrow v. Warden*, 241 Md. 724 (1966). Appellant has shown no special circumstances in this second petition to excuse the failure to make the allegation on appeal or in his first petition. Annotated Code of Maryland, Article 27, section 645 A c, provides in part:

> "When an allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this sub-title, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation."

We find it to be implicit in the statute that a petitioner set forth in his petition for relief the special circumstances to excuse the failure to raise the allegation or such facts so as to make an adequate showing to rebut the presumption that he intelligently and knowingly failed to make the allegation. Applicant did not do so and we therefore see no denial of any of his rights by the dismissal of his second petition without a hearing or appointment of counsel, and find no error in the action of the trial judge in so doing. Maryland Rule, BK 48 provides:

> "Unless the court finds in a subsequent petition under the Uniform Post Conviction Procedure Act grounds for relief which could not reasonably have been raised in a previous petition under said Act, the court, after response to the petition has been filed by the State, may forthwith dismiss the petition without a hearing or appointment of counsel."

We recognize that the Court of Appeals in *Baldwin v. Warden,* 243 Md. 326 (1966), pointed out that in light of the repeal of Annotated Code of Maryland, Article 27, section 645 H, and the amendment of section 645 A, subsequent to the promulgation of Rule BK 48, continued reliance on the Rule may not be justified. But we feel that there is no manifest repugnancy between Rule BK 48 and section 645 A, and that they blend together under circumstances such as are present in the instant case. We have found that applicant's first and second allegations have been finally litigated, that the third allegation has no merit and that the fourth allegation is deemed to be waived. Applicant made no adequate showing in his second petition (in fact, he made no showing) either of special circumstances to excuse the failure to raise the allegations in prior proceedings or to rebut the presumption that he intelligently and knowingly failed to raise it and he is therefore precluded from the opportunity to do so for the first time at a hearing on that petition. Cf. *Williams v. Warden,* 240 Md. 205 (1965). In the instant case, no court, subsequent to the proceedings in which said allegation otherwise may have been waived, whose decisions are binding upon the lower courts of this State has held that the Constitution of the United States or of Maryland imposes upon State criminal proceedings a procedural or substantive standard not theretofore recognized, which such standard is intended to be applied retrospectively and would thereby affect the validity of the applicant's conviction or sentence. Annotated Code of Maryland, Article 27, section 645 A d.

*Application denied*