# JAMES J. C. TILLER *v.* WARDEN, MARYLAND PENITENTIARY

[No. 65, Initial Term, 1967.]

*Decided May 12, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a denial of post conviction relief sought by the applicant in his second petition filed in pursuance of the provisions of the Uniform Post Conviction Procedure Act.

On May 6, 1960 applicant was found guilty of robbery with a deadly weapon and sentenced to twenty years in the Maryland Penitentiary. The conviction was affirmed as to applicant and his co-defendant. See *Davis v. State,* 225 Md. 45 (1961). Applicant's first petition for post conviction relief was filed on July 26, 1962 and denied on April 4, 1963. Application for leave to appeal to the Court of Appeals of Maryland was sought on eight grounds. The application was denied on April 10, 1964. *Tiller v. Warden,* 234 Md. 628 (1964). Thereafter, applicant filed a petition for a writ of habeas corpus in the Federal District Court for the District of Maryland which was denied on March 5, 1965. Applicant filed his second petition under the Uniform Post Conviction Procedure Act on April 26, 1966, raising nine contentions therein. The petition was denied by Judge Albert Sklar on June 4, 1966 without appointing counsel or holding a hearing, the denial being predicated on the court's belief that all of the contentions raised by applicant had either been finally litigated or waived by failure to raise them either on direct appeal or in applicant's first post conviction petition.

In his application for leave to appeal Tiller contends that the State's Attorney knowingly used perjured testimony. This contention was "finally litigated" within the meaning of Code (1957), Article 27, Section 645A (b) and (d), in *Tiller v. Warden, supra,* and clearly cannot be raised again.

Applicant also advances the following contentions:

1. That he was represented by incompetent counsel in a manner as to amount to no counsel at all.
2. That proceedings were held before the jury on May 10, 1960, while petitioner was not present, in violation of Rule 775, of the Maryland Rules of Procedure.
3. That the court erred in its instructions to the jury to consider the "first count only" in its determination since this instruction prevented the jury from considering a lesser count that carried a lower maximum penalty therefor.
4. That he was prejudiced by a co-defendant's alleged statements being referred to before the jury at his trial. Said statement serving to incriminate petitioner.
5. That he wanted a severance of trial but was advised by counsel that such a move would injure his cause.
6. That he was denied the effective assistance of counsel at a critical state of his proceedings when an alleged oral statement was obtained from him and later used to convict him in violation of his Fifth, Sixth and Fourteenth Amendment rights.
7. That he asked repeatedly to use the phone during the period of his interrogation which lasted from December 29, 1959 until January 5, 1960—over a period of 148 hours—and was refused, being held incommunicado the entire period.
8. That alleged oral statements were obtained from him by interrogating officers without first advising him of his right to remain silent and without advising him of his right to counsel, or that what he said could be used against him.

Applicant argues that Judge Sklar erred in dismissing his second petition raising these contentions without first appointing counsel and conducting a hearing. Specifically, he contends that it was the express purpose of Chapter 442 of the Acts of 1965 (now codified as Code (1957), Article 27, Section 645A) to establish both the right to counsel and to a hearing in a second

post conviction petition in order to enable the petitioner to rebut the statutory presumption that the contentions sought to be raised at such second petition have been knowingly and intelligently waived by failure to previously assert them on direct appeal or in the first petition filed under the Act. Our review of the allegations contained in applicant's second petition convinces us that Judge Sklar properly dismissed the petition without appointment of counsel and without conducting a hearing.

In *Bagley v. Warden*, 1 Md. App. 154 (decided April 10, 1967), the applicant sought to raise the voluntariness of his confession on a second post conviction petition, not having raised the issue either on direct appeal or upon his first post conviction petition. The trial judge dismissed the petition without a hearing or appointment of counsel. We denied petitioner's application for leave to appeal on the ground that he had neither alleged nor shown any "special circumstances" in his second petition, as required by Section 645A (c), to excuse the failure to make the allegation on appeal or in his first post conviction petition. We there held that it was an implicit requirement of Section 645A that a petitioner filing a second petition for relief under the Act set forth with particularity the "special circumstances" excusing the failure to previously raise the allegation, or set forth such facts as to make an adequate showing to rebut the statutory presumption that applicant intelligently and knowingly failed to make the allegation.

The applicant here, like the applicant in *Bagley*, did not undertake in his second petition to set forth any "special circumstances" or reasons why the eight contentions now sought to be raised were not initially advanced either on his direct appeal or in his first post conviction petition. In the absence of any such showing, the court below properly declined to appoint counsel or conduct a hearing. The lower court's reliance on Maryland Rule BK48 was not improper under the circumstances of this case. As we recognized in *Bagley*, there is no manifest repugnancy between Rule BK48 and Section 645A. In view of the provisions of Rule BK48 and Section 645A, applicant's failure to make the requisite showing of special circumstances or to allege facts to rebut the statutory presumption of waiver authorizes the dismissal of the second petition

without a hearing or apppointment of counsel. In so ruling, we have considered, but found inapplicable, the provisions of Section 645A (d),[1] particularly as that sub-section bears on applicant's sixth, seventh and eighth contentions, which collectively seek to invoke the constitutional protection afforded by *Miranda v. Arizona*, 384 U. S. 436 (decided June 13, 1966) and *Escobedo v. Illinois*, 378 U. S. 478 (decided June 22, 1964). The rulings in these cases do not apply retroactively, *Johnson v. New Jersey*, 384 U. S. 719 (1966), and the applicant's judgment was finalized long prior to the decision in either of those cases. See also *Johnson v. Warden*, 244 Md. 695 (1966) ; *Brewster v. Warden*, 243 Md. 688 (1966). Even if we consider these contentions as an effort to show that applicant's statements to police were made as a result of force, coercion, threats or promises, our conclusion would not be different. At the trial of the case, evidence was adduced as to the voluntary nature of these statements and no issue was made on the voluntariness question on direct appeal or at the first post conviction proceeding. As the applicant was represented by counsel in both of these proceedings, it must be presumed, at least in the absence of allegations showing "special circumstances," that an allegation of such a substantial nature has been waived. See *Meadows v. Warden*, 243 Md. 710 (1966) ; *Baldwin v. Warden*, 243 Md. 326 (1966).

Applicant's second contention to the effect that certain proceedings were held before the jury on the second day of his trial in his absence also merits separate consideration. This allegation, if true, would constitute a violation of Maryland Rule 775, as well as Article 5 of the Declaration of Rights of the Mary-

---

1. "For the purposes of this subtitle and notwithstanding any other provision hereof, no allegation of error shall be deemed to have been finally litigated or waived where, subsequent to any decision upon the merits thereof or subsequent to any proceeding in which said allegation otherwise may have been waived, any court whose decisions are binding upon the lower courts of this State holds that the Constitution of the United States or of Maryland imposes upon State criminal proceedings a procedural or substantive standard not theretofore recognized, which such standard is intended to be applied retrospectively and would thereby affect the validity of the petitioner's conviction or sentence."

land Constitution. It is elementary that the right of the accused to be present at all stages of trial is firmly established in this State. *Brown v. State,* 225 Md. 349 (1961); *Midgett v. State,* 216 Md. 26 (1958); *Duffy v. State,* 151 Md. 456 (1926). As aforesaid, however, applicant asserts no facts other than the mere conclusory statement that he was not present at all stages of his trial. Not having alleged any "special circumstances" in his second petition to excuse his failure to have raised the issue either on direct appeal or in his first petition under the Act, he will not be afforded an opportunity to do so for the first time at a hearing on his second petition. *Bagley v. Warden, supra.*

The applicant also contends in his application for leave to appeal that he was denied equal protection of the law because the State's Attorney did not file an answer to his petition within the fifteen day period required by Rule BK 43. While the State's Attorney did fail to answer within the time prescribed by the Rule, applicant was not prejudiced by the late filing. See *Bonner v. Director,* 237 Md. 445 (1965).

Finally, applicant complains that the order dismissing his second petition was not the product of a competent judicial determination, since Judge Sklar was busy campaigning for re-election. This indeed is a bald contention, wholly without merit and unfounded and, as such, deserving of no discussion.

*Application denied.*