## EUGENE CURNYN *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 120, Initial Term, 1967.]

 

*Decided June 27, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

On March 27, 1956, applicant for leave to appeal submitted under pleas of guilty under two separate indictments for robbery with a deadly weapon and one indictment for robbery. He was sentenced by Judge Joseph L. Carter, sitting in the Criminal Court of Baltimore, to ten years for each offense in the Maryland Penitentiary; the sentences to run consecutively. The conviction was not appealed. On November 12, 1958, the applicant filed a petition under the Post Conviction Procedure Act. The petition was denied March 24, 1959, by Judge Joseph R. Byrnes, presiding in the Criminal Court of Baltimore. Application for leave to appeal was denied by the Court of Appeals. *Curnyn v. Warden,* 220 Md. 672.

This application for leave to appeal is from an order of October 18, 1966, of Judge Anselm Sodaro, sitting in the Criminal Court of Baltimore, denying relief requested by applicant's second petition under the Uniform Post Conviction Procedure Act without a hearing or appointment of counsel. In this second petition, applicant presents four allegations of error, which in substance are as follows:

1. He was not afforded benefit of counsel during the period of his interrogation immediately following his arrest.
2. He was not allowed to contact his family during the same period.

3. He was not afforded benefit of counsel at a preliminary hearing.

4. He was not afforded benefit of counsel at his arraignment, at which he pleaded not guilty.

A guilty plea, freely and intelligently made, operates as a waiver of all nonjurisdictional defects. *Brooks v. Warden,* 1 Md. App. 1; *Washington v. Warden,* 1 Md. App. 56; *Treadway v. Warden,* 243 Md. 680. This includes procedural defects, constitutional or otherwise. *Campbell v. Warden,* 240 Md. 729; *Washington v. Warden, supra.*

Applicant has raised no question as to the voluntariness of his guilty plea. All four alleged errors occurred before trial, and none involved any jurisdictional defects. Therefore, applicant can be said to have waived all these allegations of error by his guilty pleas.

We find that Judge Sodaro properly dismissed the petition without the appointment of counsel and without conducting a hearing. In *Bagley v. Warden,* 1 Md. App. 154 and *Tiller v. Warden,* 1 Md. App. 286, we held that it was an implicit requirement of Maryland Code (1967 Replacement Volume) Art. 27, § 645A, that a petitioner filing a second petition for relief under the Uniform Post Conviction Procedure Act set forth with particularity the "special circumstances," as required by § 645A c, excusing the failure to raise previously the allegations or set forth such facts as to make an adequate showing to rebut the statutory presumption that he intelligently and knowingly failed to make the allegations. In the instant case, the first, third and fourth allegations were not raised at the applicant's trial as he pleaded guilty and there was no direct appeal nor were they raised in his first petition for relief. Applicant made no showing in his second petition either of special circumstances to excuse the failure to raise the allegations in prior proceedings or to rebut the presumption that he intelligently and knowingly failed to raise them and he is therefore precluded from the opportunity to do so for the first time at a hearing on that petition. *Bagley v. Warden, supra; Tiller v. Warden, supra.* His second allegation was raised in his first petition under the Act, relief was denied and application for leave to appeal was denied. *Curnyn v. Warden, supra.* This allegation is

deemed to have been finally litigated. Art. 27, § 645A b. The lower court's reliance on Maryland Rule BK48 was not improper under the circumstances of this case. As we recognized in *Bagley* and *Tiller* there is no manifest repugnancy between Rule BK48 and § 645A. In so ruling, we have considered, but found inapplicable, the provisions of § 645A d.

In any event, all four contentions of the applicant are without merit. As to contentions numbers one and two, they are bald statements, without any allegation that a confession was made or that he was in any way prejudiced by not being allowed to contact his family. These contentions are therefore immaterial. *Ross v. Warden,* 1 Md. App. 46; *Lee v. Warden,* 240 Md. 721, 214 A. 2d 142. He is not within the ambit of *Miranda v. Arizona,* 384 U. S. 436 and *Escobedo v. Illinois,* 378 U. S. 478 as his trial was long before the decisions in those cases and they have been held not retroactive. *Johnson v. New Jersey,* 384 U. S. 719; *Meadows v. Warden,* 243 Md. 710.

As to the third contention, a preliminary hearing relates only to the legality of detention before the indictment of an accused and is not a necessary proceeding in obtaining a valid convicton. *McCoy v. Warden,* 1 Md. App. 108. There is no absolute requirement that an accused be represented by counsel at a preliminary hearing. *Pressley v. Warden,* 242 Md. 405.

With regard to applicant's fourth contention, where a plea of not guilty is made at arraignment, lack of counsel at that time is not grounds for post conviction relief. *DeVaughn v. Warden,* 241 Md. 411, 216 A. 2d 748; *McCoy v. Warden, supra.*

*Application denied.*