## LEROY WHITE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 155, Initial Term, 1967.]

*Decided August 25, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

The applicant, Leroy White, was found guilty of rape by Judge Herman M. Moser in the Criminal Court of Baltimore

on June 11, 1952, and was sentenced to death. His conviction was affirmed by the Court of Appeals, *White v. State,* 201 Md. 489, and the death sentence was subsequently commuted to life imprisonment. The instant post conviction petition, the applicant's first, was filed on October 3, 1966, and a hearing was held on December 22, 1966, before Chief Judge Dulany Foster. In an order dated January 3, 1967, Judge Foster denied relief. He filed a supplemental memorandum on January 24, 1967.

No formal application for leave to appeal has been filed, but the applicant did write a letter stating his desire to appeal and requesting the appointment of counsel for his appeal. Under the Uniform Post Conviction Procedure Act, the applicant has no absolute right to counsel to assist him in filing an application for leave to appeal. The applicant has not stated any reasons why the order below should be reversed or modified and the application can be denied because of that failure. Maryland Rule BK 46 b; *Johnson v. Director,* 243 Md. 708; *Norris v. Warden,* 1 Md. App. 69 and *Dyson v. Warden,* 1 Md. App. 469.

The contentions raised in the applicant's petition may be stated as follows:

1. Petitioner was denied his constitutional rights because he was held for murder, robbery, and rape and was only convicted of rape.
2. He was held incommunicado for six days and was constantly beaten by the police during these six days.
3. It was unconstitutional for the police to have waited six days from the time of arrest before bringing him before a magistrate.
4. Illegal arrest.
5. Illegal seizure of evidence that was introduced at his trial.
6. The rape was not proven.
7. There was no confrontation of witnesses and petitioner was denied the presence of counsel at his preliminary hearing.
8. There exists an alibi witness.
9. Incompetency of counsel based on failure to call alleged alibi witness and inadequate consultation and preparation.

The first contention was conceded to be without merit by the applicant's court-appointed counsel. The second contention was properly denied by Judge Foster on the basis that this issue had been finally litigated against the applicant by the Court of Appeals in its decision affirming his conviction, *White v. State, supra.* The third contention may be denied for the same reason. See *Wells v. Warden,* 244 Md. 722; *Baldwin v. Warden,* 243 Md. 326; *Bagley v. Warden,* 1 Md. App. 154.

Applicant's fourth contention claiming illegal arrest, standing alone, is not a ground for relief under the Act, and his fifth contention was properly denied because the applicant was convicted in 1952 prior to *Mapp v. Ohio,* 367 U. S. 643. *Mapp,* of course, is not to be applied retroactively. *Linkletter v. Walker,* 381 U. S. 618; *State v. Jacobs,* 242 Md. 538; *Ross v. Warden,* 1 Md. App. 46. The sixth contention was properly denied because it concerns the sufficiency of the evidence to sustain the conviction, a subject which cannot be considered under the Uniform Post Conviction Procedure Act. See *Johnson v. Director, supra; Nixon v. Director,* 1 Md. App. 14.

As to the seventh contention, Judge Foster found that the transcript of the trial demonstrated that the prosecuting witness, as well as the police officers involved, testified fully and were cross-examined by the applicant's trial counsel. The petition also alleges that the applicant was denied the presence of counsel at his preliminary hearing and because of this he was unable to cross-examine the prosecuting witness at that hearing. The applicant did not allege in his petition that he made a guilty plea at the preliminary hearing or that evidence of such a plea was introduced at his trial. The contention of lack of counsel at the preliminary hearing under these circumstances does not constitute a ground for post conviction relief. See *Norris v. Warden, supra.* The preliminary hearing is not an adversary proceeding and is not a necessary step in obtaining a valid conviction. It relates only to the legality of an accused's detention before his indictment. See *Ross v. Warden, supra* and *McCoy v. Warden,* 1 Md. App. 108.

As to the eighth contention, Judge Foster provided the applicant with an opportunity to bring the alleged alibi witness to court, but the applicant stated that he did not know where she

could be located and she therefore did not appear. This contention can also be denied for the reason that it relates to the guilt or innocence of the applicant and is not a ground for post conviction relief. *Meadows v. Warden*, 243 Md. 710; *Cherrix v. Warden*, 1 Md. App. 65. The eighth contention overlaps into the ninth in that the applicant bases his claim of incompetency of counsel in part upon the failure of counsel to call the alibi witness. Failure of counsel to call witnesses may under some circumstances be a ground for post conviction relief, but as the applicant was unable to produce the alleged witness, the claim has not been supported and must be denied. See *Evans v. Warden*, 240 Md. 33; *Ross v. Warden, supra.* The allegations of inadequate consultation and preparation were disposed of by Judge Foster who found that the applicant was afforded adequate assistance at the trial. We cannot disagree with this holding.

*Application denied.*