## JOSEPH DAILEY *v.* WARDEN, MARYLAND PENITENTIARY

[No. 91, September Term, 1967.]

*Decided March 21, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order filed on July 6, 1967, by Judge James K. Cullen, sitting in the Criminal Court of Baltimore, denying relief sought under the Uniform Post Conviction Procedure Act.

Applicant raised six contentions in his petition:

1. He was denied the assistance of counsel at the time he made oral statements.
2. His oral statements were made after being confronted with evidence obtained through an illegal search and seizure.
3. The evidence used in court was insufficient to support a verdict of guilty to a charge of burglary.
4. The judge at his trial was biased.
5. His indictment and trial were invalid because of the decision in *Schowgurow v. State,* 240 Md. 121.
6. His court appointed counsel was incompetent in failing to properly prepare the appeal from applicant's conviction and in persuading applicant to waive his rights under *Schowgurow, supra.*

As found by the lower court, applicant's first contention has no merit. The Supreme Court ruling in *Miranda v. Arizona,* 384 U. S. 436 (1966) is not retroactive so as to cover applicant's trial in 1964, *Watson v. Warden,* 2 Md. App. 134. *Escobedo v. Illinois,* 378 U. S. 478 (1964) will also not afford applicant relief as there is no allegation nor any evidence that counsel was requested by applicant and denied by the police, see *Curnyn v. Warden,* 1 Md. App. 450.

The second contention, that the oral statements should have been suppressed since they were made after being confronted with evidence obtained as a result of an illegal search and seizure, was considered twice by the Court of Appeals of Maryland. *Dailey v. State,* 234 Md. 325; *Dailey v. State,* 239 Md. 596.[1] Both times it was held that although the arrest of applicant was illegal and the resulting search and seizure was unlawful, the statements made by applicant were freely and voluntarily given. Since *Dailey v. State,* 239 Md. 596 was an appeal from the conviction which is presently being contested in this petition, this issue has been "finally litigated" within the meaning of Maryland Code (1967 Repl. Vol.), Art. 27, § 645A (b) and thus cannot be raised again under the Uniform Post Conviction Procedure Act. *Husk v. Warden,* 240 Md. 353.

---

1. U. S. Cert. denied in 384 U. S. 913; U. S. Reh. denied in 384 U. S. 947.

The third contention, that the evidence was legally insufficient to support the verdict, cannot be raised under the Act. *Husk v. Warden, supra; Fisher v. Warden,* 230 Md. 612. This is a proper subject for direct appeal.

Petitioner's fourth contention is that the judge at his trial was biased. The lower court held that this allegation was not properly raised under the Act on the authority of *Bryant v. Warden,* 235 Md. 658. However, the law has changed and many contentions which were formerly not grounds for relief under the Act may now be raised. See *Fennell v. Warden,* 236 Md. 423; *Ledbetter v. Warden,* 234 Md. 643. A contention of bias on the part of the trial judge is one that alleges a violation of the constitutional right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. *Tumey v. Ohio,* 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749 (1927); *State v. Justice Court,* 202 P. 2d 927 (Wash. 1949); *Sheppard v. Maxwell,* 231 F. Supp. 37 (S. D. Ohio 1964); *Ex Parte Wallace,* 152 P. 2d 1 (Calif. 1944); *United States v. Denno,* 313 F. 2d 364 (2nd Cir. 1963), cert. den. 372 U. S. 978. Since the allegation of bias on the part of a trial judge is an allegation of a denial of due process, or deprivation of a constitutional right, it could be properly raised under the Uniform Post Conviction Procedure Act. See Md. Code (1967 Repl. Vol.), Art. 27, § 645A (a); *Jackson v. Warden,* 236 Md. 634; *Gee v. State,* 239 Md. 604. And this contention has been considered under the Act before. See *Jacobs v. Warden,* 232 Md. 627. However, since the lower court also found no bias, in fact, for this allegation, it will afford the applicant no relief.

In regard to the fifth and sixth contentions, the court correctly found that applicant had freely and voluntarily waived his right to be retried by reason of the *Schowgurow* decision, *supra,* and that applicant's counsel was competent under the standard set forth in *Slater v. Warden,* 241 Md. 668.

*Application denied.*