## BLAIR EUGENE SHELTON *v.* WARDEN, MARYLAND PENITENTIARY

[No. 111, September Term, 1967.]

*Decided June 13, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of September 15, 1967 by Judge Philip H. Dorsey, sitting in the Circuit Court for Prince George's County, denying the petitioner's application for relief under the Uniform Post Conviction Procedure Act.

On January 17, 1967 the petitioner was convicted of two counts of storehousebreaking and two counts of larceny by a jury, before Judge Roscoe H. Parker, and sentenced to ten

years in the Maryland Penitentiary on each count, the sentences to run concurrently.

Prior to filing the subject petition, the petitioner filed a notice of appeal from his conviction contesting the legality of his arrest and the admissibility of evidence seized incident thereto; the sufficiency of the evidence; and the propriety of the trial judge's ruling disallowing his request to summon certain witnesses to testify on his behalf. On March 20, 1968 we affirmed the judgment of the lower court. See *Shelton v. State,* 3 Md. App. 394.

After the filing of the subject petition, counsel was appointed and an evidentiary hearing was held on August 30, 1967 before Judge Dorsey. The petitioner's present application for leave to appeal sets forth two contentions:

1. That the trial court failed to make a finding on all the allegations raised in petitioner's petition for post conviction relief.

2. That the trial court erred in ruling that court-appointed counsel was only using trial tactics when he refused to call witnesses requested by the petitioner.

At the post conviction hearing Judge Dorsey only considered three of petitioner's contentions, having been advised by counsel for the petitioner that the other allegations would not be pressed. It is true that under Rule BK45 b it is incumbent upon the judge conducting the post conviction hearing to make findings of facts upon all contentions raised by the petitioner. *Hunt v. Warden,* 243 Md. 691; *Szukiewicz v. Warden,* 1 Md. App. 61. However, we have held that it is the responsibility of the petitioner and his counsel to submit evidence in support of the contentions, and the failure to meet this obligation may well result, as here, in the hearing judge concluding that the contentions were deliberately abandoned for lack of factual evidence to support them. See *Szukiewicz v. Warden, supra,* at p. 63. In the instant case Judge Dorsey's statement that the petitioner did not wish to press all of his contentions is uncontroverted by the record, and other than petitioner's bare statement, there is nothing before us to dissuade us from the conclusion reached by Judge Dorsey that all but three of petitioner's contentions were abandoned.

Petitioner's second contention was "finally litigated" within the meaning of the Maryland Code (1967 Repl. Vol.), Article 27, Section 645A (b) and (d), in *Shelton v. State, supra,* and clearly cannot be raised again. *Dailey v. Warden,* 3 Md. App. 425; *Tiller v. Warden,* 1 Md. App. 286.

In a supplement to his application for leave to appeal, filed May 16, 1968, the applicant raised an additional issue, viz., that his ten-year sentence was illegal since the trial judge did not give him credit for two years which he served under an earlier conviction for the same offense which he elected to have voided under *Schowgurow v. State,* 240 Md. 121. He contends that he is thus being required to serve a total sentence of twelve years when the maximum for the offense charged under the statute is ten years.

As this issue was not before the post conviction hearing judge, it is not properly before us for review. We note, however, that applicant filed a petition for correction of his sentence on September 13, 1967, this being several weeks after the post conviction hearing judge's opinion denying relief under the Act. The docket entries before us indicate that applicant's petition for correction of sentence was denied by Judge Roscoe Parker on October 26, 1967.

While on the state of the record before us, we cannot consider applicant's contention that his sentence was illegal, in *Reeves v. State,* 3 Md. App. 195, decided on February 19, 1968, we held that, under certain circumstances, a prisoner may be entitled to credit on a sentence for time served under an original sentence which had been voided under *Schowgurow v. State, supra.* Whether *Reeves* is applicable in applicant's case may be considered by a subsequent petition filed under the Act, or by another petition to correct an illegal sentence under Maryland Rule 764 a.

*Application denied.*