## CORNELL D. CONLEY *v.* WARDEN, MARY-LAND PENITENTIARY

[App. No. 47, September Term, 1970.]

*Decided September 30, 1970.*

Before MURPHY, C.J., and ORTH and THOMPSON, JJ.

*Basil Wadkovsky* for applicant.

*Francis B. Burch, Attorney General,* and *J. Thomas Clark, State's Attorney for Queen Anne's County,* for respondent.

PER CURIAM.

This is the application of Cornell D. Conley for leave to appeal from an order filed by Judge George B. Rasin, Jr., presiding in the Circuit Court for Queen Anne's County denying relief sought by applicant's first petition under the Uniform Post Conviction Procedure Act. The application is remanded to the hearing court for additional findings consistent with this opinion.

Applicant, convicted of escape, raises two contentions in his application: (1) the hearing judge failed to allow evidence and make findings on applicant's contention concerning bias of the trial judge and (2) the hearing judge improperly determined that applicant's trial counsel was not accountable for the failure to file an appeal.

As to the first contention, the record shows the hearing judge refused to allow evidence and did not make findings on the contention that applicant's trial counsel incompetently allowed him to be tried by a prejudiced judge. If applicant can prove that he was denied genuine and effective representation of counsel due to counsel's failure to object to the trial judge's bias or if applicant can prove that the trial judge was in fact prejudiced, he would be entitled to relief. See *Dailey v. Warden,* 3 Md. App. 425, 239 A. 2d 778. It is, of course, the hearing judge's responsibility in a post conviction proceeding to make findings of fact on all contentions raised. *Shelton v. Warden,* 4 Md. App. 368, 242 A. 2d 806, and Md. Rule BK 45(b). We will, therefore, remand the case for proper disposal of this contention.

As to the second contention, that the failure to file an appeal was chargeable to applicant's trial counsel, the hearing judge heard extensive evidence from both the applicant and his trial counsel. We see no reason to disturb the hearing judge's conclusion that trial counsel complied fully with the requirements of Md. Rule 719, and was not chargeable for the failure to file an appeal.

*Application remanded for further hearings consistent with this opinion.*