NADIR YAZID ABDULLAH A/K/A DYTHIAN T. ROBESON v.
STATE OF MARYLAND

[No. 1427, September Term, 1980.]

*Decided June 8, 1981.*

The cause was argued before GILBERT, C. J. and THOMPSON and WILNER, JJ.

*John L. Kopolow, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with whom were *Stephens H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Raymond V. Rangle, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

Nadir Yazid Abdullah, also known as Dythian T. Robeson and "Dykie," was convicted in the Criminal Court of Baltimore on April 21, 1977, of murder in the first degree, a handgun violation, and assault with intent to murder. This Court affirmed the convictions on appeal. *Robeson v. State,* 39 Md. App. 365, 386 A.2d 795 (1978). Certiorari was granted by the Court of Appeals. That Court affirmed, albeit for different reasons. *Robeson v. State,* 285 Md. 498, 403 A.2d 1221 (1979), *cert. denied,* 444 U.S. 1021, 100 S. Ct. 680, 62 L. Ed. 2d 654 (1980).

Abdullah-Robeson filed a post conviction petition in the Criminal Court on April 23, 1980, alleging, *inter alia,* that:

1. He was deprived of his right to be present at the *voir dire* of the jury panel.
2. His trial counsel "failed to adequately and competently represent him."
3. "A State's witness provided false testimony."

A hearing was held before Judge Albert L. Sklar, who, in a written opinion and order dated October 14, 1980, rejected

Abdullah's claims and denied post conviction relief. Abdullah then filed an application with this Court for leave to appeal. Here, he raises the same three issues that he posed to the hearing court. By order dated December 23, 1980, we granted the leave to appeal and transferred the case to the regular docket.

I.

Md. Rule 724 provides that a defendant in a criminal proceeding "*shall* be present at every stage of the trial, including the impaneling of the jury . . . ." (Emphasis supplied.) The rule has been in effect for quite some time, and it states "with particularity" the "common-law right preserved by Art. 5, Declaration of Rights, Constitution of Maryland." *Young v. State,* 5 Md. App. 383, 388, 247 A.2d 751, 754 (1968). The right, however, may be waived pursuant to Md. Rule 724 C.

The right may also be waived by failing to raise it on direct appeal. A reading of *Robeson v. State, supra,* will reveal that the question of Abdullah's presence *vel non* at the *voir dire* of the jury was not raised in the appeal. Md. Ann. Code art. 27, § 645 A (c) provides that "an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation . . . on direct appeal . . . ."

Although Abdullah did not raise the question in his direct appeal, is his failure to raise it a knowing and intelligent waiver? He testified at the post conviction hearing that no one told him he had the right to be present at *voir dire,* nor did he know that he had that right.

Abdullah told Judge Sklar that an objection would have been interposed by him to allowing a security guard as a member of the jury. He also said that he would have objected to jurors who were related to police officers or who knew any of the officers who would testify. Each of the prospective jurors, however, expressly swore that a vicarious connection with law enforcement would not influence in any way their decision in the case.

We are here concerned over what constitutes a waiver, and when it is applied. May a new trial be ordered on post conviction simply upon the petitioner's testimony that he did not know he could be present at *voir dire,* and that his attorney did not advise him of his right to be present at the same? If that is enough to require a new trial, we can foresee that new trials will be the rule rather than the exception, inasmuch as petitioners will, with regularity, contend that they did not know of a certain right, nor were they advised of that right. The Court of Appeals apparently recognized that factor when, in *Curtis v. State,* 284 Md. 132, 395 A.2d 464 (1978), it said that allegations of ignorance of the law were clearly inadequate to entitle a petitioner to post conviction relief.

Judge Eldridge, in *Curtis,* noted that "in the normal case, unless the defendant shows 'cause' and 'actual prejudice' for failing to comply with a legitimate State procedural requirement, the 'procedural default' should be upheld." 284 Md. at 147, 395 A.2d at 472.

With *Curtis* as our Plimsoll mark, we have examined Abdullah's averment of error. While it is entirely possible that he did not know of his right to be present at the *voir dire* at the bench, we are unable to find within the record any indication of "actual prejudice" to him. Moreover, the issue now raised by Abdullah could have and perhaps should have been raised on direct appeal either in this Court or with its acquiescence, in the Court of Appeals. Abdullah was represented here and in the Court of Appeals by experienced and skilled appellate counsel. We think it fair to infer that counsel consulted with Abdullah during the appellate process. We also think it fair to infer that the issues to be raised on appeal were discussed between the attorney and his client.

In the light of those clear inferences, we believe that Abdullah's failure to raise the *voir dire* issue on direct appeal in *Robeson v. State, supra,* constitutes a knowingly and intelligently made waiver which will not fall in the light of post-appellate assertions. Accordingly, we observe no

error in Judge Sklar's declination to order a new trial on that issue.

## II.

Abdullah next asserts that his trial counsel was ineffective because he interposed no objection to the State's cross-examination as to Abdullah's "pre-arrest silence."

A similar issue had been raised on direct appeal. We decided it adversely to the appellant, but the Court of Appeals, in *Robeson,* traveling a different route, held any error to be harmless. 285 Md. at 499, 403 A.2d at 1223. Abdullah now reasserts his charge of ineffective assistance of counsel. He contends that his lawyer should have objected to the State's use of his silence in not voluntarily going to the police, or in explaining to them what he subsequently testified to in the trial.

Whatever the law may have been with respect to the use by the State of pre-arrest silence on the part of the defendant as a weapon against him, the case of *Jenkins v. Anderson,* 447 U.S. 231, 100 S. Ct. 2124, 65 L. Ed. 2d 86 (1980) makes manifest that such silence as a shield has limitations. Once an accused testifies in his own behalf, he has thrown aside the protective cloak of silence and exposed himself to truth finding by cross-examination. Thus, the protective armor of his pre-arrest silence is no more, and he is subject to the same rules of cross-examination as is any other witness. 447 U.S. at 235-36, 100 S. Ct. at 2127, 65 L. Ed. 2d at 94; *Grunewald v. United States,* 353 U.S. 391, 77 S. Ct. 963, 1 L. Ed. 2d 931 (1957). Pre-arrest silence is a valid weapon for impeachment on cross-examination. 447 U.S. at 240-41, 100 S. Ct. at 2130, 65 L. Ed. 2d at 95. Of course, if the accused does not elect to testify, his pre-arrest silence may not be used against him in any manner.

## III.

Lastly, Abdullah argues that Judge Sklar should have ordered a new trial because the principal prosecuting wit-

ness recanted his testimony. An affidavit was sought to be introduced in evidence, but it was rejected because the witness did not appear at the hearing. We glean from Abdullah's brief that the witness apparently now acknowledges that he, the witness, had perjured himself at trial. Even if that be true, it is of no help to Abdullah.

The law is that post conviction relief is not available because of perjured testimony unless the prosecution had knowingly used that testimony. *DeVaughn v. Warden,* 241 Md. 411, 216 A.2d 748 (1966); *Meadows v. Warden,* 232 Md. 635, 192 A.2d 758 (1963). Both the recanting of prior testimony as false and the State's use of it, knowing it to be false, must be shown in order for there to be relief under the act. *Hamm v. Warden,* 238 Md. 633, 209 A.2d 785 (1965).

The testimony of Abdullah at the post conviction hearing was that the Assistant State's Attorney who prosecuted the *Robeson* case *did not know that the testimony of the witness was perjured.* In the light of that concession, *Hamm* is dispositive of the matter.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*